Jean E. Kizer
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  jek@bwclawyers.com

Attorneys for Plaintiff
     Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )  Case No. 3:06-CV-____-____<br>) |
| v. | )<br>) |
| CLAY KRISTIANSEN, and<br>LORI MORGAN, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Allstate Insurance Company, through its lawyers, Bliss, Wilkens & Clayton, LLC, alleges as follows:

PARTIES

1.   Plaintiff Allstate Insurance Company ("Allstate") is incorporated and has its principal place of business in the state of Illinois.  Allstate is authorized to conduct business in Alaska and is qualified in all respects to bring this action.

2.   Defendant Clay Kristiansen is a resident of the state of Alaska, currently residing in Fairbanks, Alaska.

    3.    Defendant Lori Morgan is a resident of the state of Alaska, currently residing in Fairbanks, Alaska.

## JURISDICTION

    4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

## THE CONTROVERSY

    5.    Allstate issue a policy of homeowners insurance, policy No. 064 567836 08/20, to Virginia Ezell covering a residence she owns at 6 Blanche Street in Fairbanks, Alaska.  A true and correct copy of the certified policy, in effect from August 20, 2003 to August 20, 2004, is attached as Exhibit A.

    6.    Clay Kristiansen is 43 years old and is the son of Virginia Ezell.  During October 2003, Kristiansen was living in his mother's home at 6 Blanche Street in Fairbanks, Alaska.

    7.    On or about October 27, 2003, while in his mother's home at 6 Blanche Street, Clay Kristiansen assaulted Lori Morgan over a period of several hours, beginning in the evening and continuing throughout the night and into the next morning.

    8.    As a result of the assault on Lori Morgan, Clay Kristiansen was convicted of the crime of Assault in the Third Degree, a felony, in violation of AS 11.41.220(a)(1)(B).  A certified copy of the Judgment of conviction entered against Clay Kristiansen on September 17, 2004 is attached as Exhibit B.

9. On September 17, 2004, Clay Kristiansen was sentenced to three years in jail, with one year suspended. He began serving his sentence in September 2004 and was released from prison in January 2006.

10. On or about July 13, 2005, Lori Morgan filed a civil complaint against Virginia Ezell in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks. The action is captioned <u>Lori Morgan, Plaintiff vs. Virginia Ezell, Defendant</u>, Case No. 4FA-05-1876 CIV (the "Morgan action").

11. A true and correct copy of the complaint in the Morgan action is attached as Exhibit C.

12. Lori Morgan's complaint alleges she was a "lawful invitee" in the home of Virginia Ezell and Clay Kristiansen on or about October 27, 2004, when Kristiansen "suddenly began to assault Plaintiff in a violent and systematic fashion, brutally beating her about the head and body. That assault continued throughout the night and into the next morning . . . and resulted in serious physical injury to Plaintiff."

13. Lori Morgan's complaint alleges that Virginia Ezell negligently breached a duty to Morgan by failing to respond to her cries for assistance and/or to intervene in the assault as soon as the assault came to her attention. The complaint seeks to recover damages that Morgan claims to have suffered as a result of the assault, including but not limited to damages for a fractured eye socket, fractured cheekbone and a broken nose.

14.  Virginia Ezell has filed a third-party complaint against Clay Kristiansen in the Morgan action.  The third-party complaint seeks to allocate fault and liability to Clay Kristiansen for any injuries suffered by Lori Morgan as a result of the assault by Kristiansen.

15.  A true and correct copy of the third-party complaint filed in the Morgan action is attached as Exhibit D.

16.  Allstate has agreed to provide a defense under a reservation of rights to Clay Kristiansen in the Morgan action, pending a legal determination that no defense or indemnity obligation exists.

## CLAIM FOR DECLARATORY RELIEF

17.  The Allstate policy issued to Virginia Ezell (attached as Exhibit A) does not obligate Allstate to defend or indemnify Clay Kristiansen against the claims asserted in the Morgan action because, *inter alia*, the injuries and damages claimed were not caused by an accident and/or because they were intended by Clay Kristiansen and/or because they were the result of intentional or criminal acts which may reasonably be expected to result in bodily injury.

18.  The policy provides that liability coverage is limited to "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an <u>occurrence</u> to which this policy applies . . . ."  The policy defines an occurrence as "an accident . . . resulting in bodily injury or property damage."

19. The policy also excludes liability coverage for "any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person."

20. Because the Allstate policy does not provide coverage for the claims asserted against Clay Kristiansen in the Morgan action, Allstate is entitled to a declaration that it has no obligation to defend or indemnify Clay Kristiansen against the claims asserted in the Morgan action.

WHEREFORE, Plaintiff Allstate prays for relief as follows:

1. That the Court issue a declaration that the Allstate policy issued to Virginia Ezell does not provide coverage for the claims asserted against Clay Kristiansen in Case No. 4FA-05-1876 Civil, the Morgan action;

2. That the Court issue a declaration that Allstate has no duty, under the terms of the Allstate policy issued to Virginia Ezell, to defend or indemnify Clay Kristiansen against the claims asserted in Case No. 4FA-05-1876 Civil, the Morgan action;

3. That the Court award Allstate its reasonable costs and attorney's fees incurred in prosecuting this action; and

4. Such other relief as the Court deems just and proper.

DATED this 10th day of April, 2006, at Anchorage, Alaska.

By: s/Jean E. Kizer

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Insurance Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: jek@bwclawyers.com
Phone: (907) 276-2999
Fax:  (907) 276-2956
[ABA No. 8706030]

N:\AKB\854\487\PLDG\COMPLAINT.DJ.doc