Jean E. Kizer
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile:  (907) 276-2956
E-mail: jek@bwclawyers.com

Attorneys for Plaintiff
Allstate Insurance Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | Case No.   3:06-CV-79-TMB |
| vs | ) | |
| | ) | |
| CLAY KRISTIANSEN and LORI MORGAN, | ) | |
| | ) | |
| Defendants. | ) | SCHEDULING AND PLANNING |
| | ) | CONFERENCE REPORT |

1.  **Meeting**. In accordance with F.R.Civ.P. 26(f), a meeting was held telephonically on September 7, 2006, and was attended by:

    Jean E. Kizer                    attorney for plaintiff Allstate Insurance Company

    Clay Kristiansen               pro per

    (Default has been entered against defendant Lori Morgan.)

The parties recommend the following: The following dates are recommended by Plaintiff and are acceptable to Defendant Kristiansen if this case goes forward. However, Mr. Kristiansen believes this declaratory judgment case should be stayed until after the underlying tort case is tried or otherwise resolved. Plaintiff disagrees.

2.  **Pre-Discovery Disclosures**. The information required by F.R.Civ.P. 26(a)(1):

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

      \_\_\_  have been exchanged by the parties

      \_\_\_  will be exchanged by the parties by October 30, 2006 or 10 days after counsel for

      _x_  Defendant Kristiansen enters an appearance, whichever date is earlier.

Proposed changes to disclosure requirements:  (*Insert proposed changes, if any*)

Preliminary witness lists

      \_\_\_  have been exchanged by the parties

      _x_  will be exchanged by the parties by November 30, 2006.

3.    **Contested Issues of Fact and Law**.  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

Plaintiff plans to file a summary judgment motion and believes this case can be resolved on motion.  However, if a trial is required, the following issues of fact and/or law are expected to be presented:

Whether the bodily injury claimed by Lori Morgan in Case No. 4FA-05-1876 Civil, filed in Alaska Superior Court, arose from an "accident," as defined in the Allstate homeowner's policy under which Clay Kristiansen claims coverage.

Whether the bodily injury claimed by Lori Morgan in Case No. 4FA-05-1876 Civil was "intended by" Clay Kristiansen, or was "reasonably expected to result from the intentional or criminal acts" of Clay Kristiansen, and therefore is excluded from coverage of the Allstate policy.

Whether Allstate has a duty to defend or indemnify Clay Kristiansen against the claims asserted in Case No. 4FA-05-1876 Civil.

Defendant Kristiansen also believes there is an issue of fact regarding whether he assaulted Lori Morgan.  Allstate believes Mr. Kristiansen's felony criminal conviction establishes this fact and precludes relitigation.

4.    **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

SCHEDULING & PLANNING
CONFERENCE REPORT    2

A. Discovery will be needed on the following issues:

Defendant Kristiansen's alleged assault on Lori Morgan.

Defendant Kristiansen's conviction and imprisonment for assaulting Lori Morgan.

B. All discovery commenced in time to be completed by March 1, 2007 ("discovery close date").

C. Limitations on Discovery.

    1. Interrogatories

        _x_ No change from F.R.Civ.P. 33(a)

        ____ Maximum of ____ by each party to any other party.

        Responses due in ____ days.

    2. Requests for Admissions.

        _x_ No change from F.R.Civ.P. 36(a).

        ____ Maximum of ____ requests.

        Responses due in ____ days.

    3. Depositions.

        _x_ No change from F.R.Civ.P. 36(a), (d).

        ____ Maximum of ____ depositions by each party.

        Depositions not to exceed ____ hours unless agreed to by all parties.

D. Reports from retained experts.

    ____ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

    _x_ Reports due:

    From plaintiff February 1, 2007    From defendant February 1, 2007

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

SCHEDULING & PLANNING
CONFERENCE REPORT    3

E. Supplementation of disclosures and discovery responses are to be made:

   __x__ Periodically at 60-day intervals from the entry of scheduling and planning order.

   ____ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

   ____ 45 days prior to the close of discovery.

   __x__ Not later than February 15, 2007

5. **Pretrial Motions**.

   __x__ No change from D.Ak. LR 16.1(c).

   The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

   ____ Motions to amend pleadings or add parties to be filed not later than (*insert date*).

   ____ Motions under the discovery rules must be filed not later than (*insert date*).

   ____ Motions in limine and dispositive motions must be filed not later than (*insert date*).

6. **Other Provisions**:

   A. __x__ The parties do not request a conference with the court before the entry of the scheduling order.

   ____ The parties request a scheduling conference with the court on the following issue(s):
   (*Insert issues on which a conference is requested*)

   B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

SCHEDULING & PLANNING
CONFERENCE REPORT                    4

      __x__ This matter is not considered a candidate for court-annexed alternative dispute resolution.

      ____ The parties will file a request for alternative dispute resolution not later than (*insert date*).

      ____ Mediation      ____ Early Neutral Evaluation

C.     The parties ___ do _x_ not consent to trial before a magistrate judge.

D.     Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

      _x_ All parties have complied     ___ Compliance not required by any party

7. **Trial**.

    A.     The matter will be ready for trial:

       _x_ 45 days after the discovery close date.

       ___ not later than (*insert date*).

    B.     This matter is expected to take _2_ days to try.

    C.     Jury Demanded ___ Yes _x_ No

       Right to jury trial disputed? ___ Yes _x_ No

Dated:

```
Jean E. Kizer
BLISS, WILKENS & CLAYTON
500 L Street, Suite 200
Anchorage, AK 99501
Phone:    907-276-2999
Facsimile: 907-276-2956
E-Mail: jek@bwclawyers.com
AK Bar:   8706030
```

s/Jean E. Kizer
BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Insurance Company

Clay Kristiansen, pro per

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

SCHEDULING & PLANNING
CONFERENCE REPORT     5