Jean E. Kizer
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: jek@bwclawyers.com

Attorneys for Plaintiff
    Allstate Insurance Company


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-CV-79-TMB |
| | ) | |
| v. | ) | |
| | ) | |
| CLAY KRISTIANSEN, and | ) | **MOTION AND MEMORANDUM** |
| LORI MORGAN, | ) | **IN SUPPORT OF SUMMARY** |
| | ) | **JUDGMENT** |
| Defendants. | ) | |
| _____ | ) | |


## I.   INTRODUCTION

This is a declaratory judgment action. Allstate Insurance Company ("Allstate") seeks to establish it has no obligation under a homeowner's insurance policy to defend or indemnify Clay Kristiansen for a claim arising out of his criminal acts. Mr. Kristiansen brutally beat Lori Morgan during a prolonged assault. The assault occurred in Mr. Kristiansen's residence in the basement of a home owned by his elderly mother, Virginia Ezell. Mr. Kristiansen was convicted of felony assault and has served two

years in prison.

By this motion, Allstate seeks summary judgment holding it has no duty to defend or indemnify Mr. Kristiansen in a civil action brought by Ms. Morgan, for two separate reasons. First, the Allstate policy at issue only provides coverage for accidents. Second, the policy expressly excludes coverage for injury resulting from criminal acts of an insured person.  Mr. Kristiansen's felony conviction collaterally estops him from relitigating the elements of his criminal offense.  The elements of his assault conviction establish that Ms. Morgan's civil claim for the assault does not arise from an accident, and also that it falls within the criminal acts exclusion of the policy.

Because there is no genuine issue of material fact, the Court should grant Allstate summary judgment declaring it has no duty to defend or indemnify Mr. Kristiansen in Ms. Morgan's civil action.

## II.  <u>STATEMENT OF FACTS</u>

### A.  <u>Insurance Policy</u>

Allstate issued a homeowner's policy, No. 064567836, to Virginia Ezell, covering her home at 6 Blanche Avenue in Fairbanks, Alaska.  A copy of the certified policy, in effect from August 20, 2003 to August 20, 2004, is attached as Exhibit A hereto and to Allstate's complaint. Clay Kristiansen (hereafter "Kristiansen") is the 44-year-old son of Virginia Ezell. At the time of the assault at issue, Kristiansen was living in the basement of his mother's home. It is undisputed that, since he was a resident of the

household, Kristiansen was an insured person under his mother's homeowner's policy at the time of the assault.

### B.   **Assault and Conviction**

The assault on Lori Morgan (hereafter "Morgan") occurred on or about October 27, 2003. Morgan's grand jury testimony and her deposition testimony in the civil action detail a prolonged beating. The assault occurred after Kristiansen drove Morgan to his mother's house on Blanche Avenue around 10:00 p.m. See Morgan grand jury testimony, pp. 32-33, attached as Exhibit B;[1] Morgan deposition, p. 53, excerpts attached as Exhibit D. Kristiansen and Morgan were watching television in the basement, began arguing, and Kristiansen kicked Morgan and then started hitting her in the face, striking her repeatedly over the course of several hours. Exhibit B at 34-40; Exhibit D at 57, 64-65.[2]

The next day Kristiansen gave Morgan sunglasses to wear and drove her home. Morgan's eyes were swelled shut. Exhibit B at 42-43. Morgan did not call the police until a few days later, on November 1, 2003, when she reported a stolen TV set. Exhibit B at 30-31. When a police officer arrived, the officer noticed dark

---

[1] The grand jury testimony and all criminal case pleadings attached as exhibits to this motion are from the Fairbanks Superior Court file in State v. Clay J. Kristiansen, No. 4FA-SO4-1690 Cr. The court in Morgan's civil action ordered release of her grand jury testimony. See Order attached as Exhibit C.

[2] Morgan stated the assault continued throughout the night, although Kristiansen would calm down for periods and then hit her again. Exhibit B at 40-41; Exhibit D at 84. She testified she "thought he was going – he was going to kill me. . . . He just

bruises under Morgan's eyes and other injuries. When the officer questioned Morgan she described the assault by Kristiansen that occurred a few days earlier, and police took photographs of her injuries, including bruises under both eyes, large darkly colored bruises on her sides in the area of her kidneys, and what appeared to police to be a broken nose. Exhibit B at 30-32; District Attorney's 404(b) Application to Admit Evidence, pp. 2-3 and attached photographs, attached hereto as Exhibit E.

Kristiansen was indicted on four felony charges for the assault on Morgan. See Indictment, attached as Exhibit F. Count IV charged that Kristiansen "recklessly caused physical injury to L.M. by means of a dangerous instrument, his hands," in violation of AS 11.41.220(a)(1)(B), a Class C felony. Kristiansen pleaded no contest to Count IV and a judgment of conviction was entered on September 17, 2004. See Judgment (certified), attached as Exhibit G. The other charges were dismissed as part of a plea agreement. Exhibit G; see also Exhibit H (court log notes regarding acceptance of plea). Kristiansen was sentenced to three years in prison, with one year suspended, and began serving his sentence in September 2004. Exhibit G. He was released in early 2006.

C.   **Civil Action**

In 2005, Morgan filed a civil action, Case No. 4FA-05-1876 CI, in Fairbanks Superior Court seeking to recover damages resulting from the assault. Copies of the original complaint and an amended

kept slugging me and slugging me." Exhibit D at 64-65. Morgan was

complaint filed in September 2006 (adding a claim for punitive damages) are attached as Exhibits I and J. Initially, only Virginia Ezell was named as a defendant. Morgan's complaint alleges she was an invitee in Mrs. Ezell's residence when Ezell's son

> suddenly began to assault Plaintiff in a violent and systematic fashion, brutally beating her about the head and body. That assault continued throughout the night and into the next morning . . . The attack took place in a downstairs bedroom, while [Mrs. Ezell] was present in the residence, and resulted in serious physical injury to Plaintiff.

Exhibit J at ¶ 5.

Morgan's complaint alleges that during the attack she repeatedly screamed for help, but Mrs. Ezell ignored her cries. Exhibit J at ¶ 6. The complaint also alleges Morgan and Kristiansen previously had "numerous violent, physical encounters" during the course of their romantic relationship and that Mrs. Ezell "knew or should have known that Plaintiff would likely be subject to assault by Defendant's son because of numerous prior assaults." Exhibit J at ¶¶ 4, 8. Morgan seeks to recover damages suffered as a result of the assault, including but not limited to damages for physical injuries including a fractured eye socket, fractured cheekbone and a broken nose. Exhibit I at ¶ 10; Exhibit J at ¶ 10 (incorporating allegations in original complaint).[3]

---

too scared to try to leave. Exhibit B at 41; Exhibit D at 85.
   [3] Morgan's complaint mistakenly alleges the assault at issue occurred in October 2004, rather than 2003. However, the depositions of both Morgan and Ezell clarify the correct date was 2003. See Exhibit D at 77-78, 85; Virginia Ezell deposition at 14, 32-33, excerpts attached as Exhibit K. By October 2004 Kristiansen

Mrs. Ezell filed a third-party complaint against Kristiansen seeking to allocate fault and liability to him for the damages sought by Morgan. A copy of the third-party complaint is attached as Exhibit L. The third-party complaint denies any responsibility on the part of Mrs. Ezell and alleges that Ezell lacks

> information sufficient to form a belief to know what injuries were suffered by Lori Morgan. However, the allegations in the Complaint, and the criminal charges brought against Clay Kristiansen are that Clay Kristiansen was the cause of Lori Morgan's claimed injuries . . . .

Exhibit L, p. 3.

Kristiansen tendered defense of the action to Allstate under his mother's homeowner's policy. Allstate agreed to provide a defense for Kristiansen, through counsel of his choice, and reserved its rights to contest coverage and file a declaratory judgment action. <u>See</u> Allstate reservation of rights letter, attached as Exhibit M.

**D.    <u>Declaratory Judgment Action</u>**

Allstate filed this action to determine if any duties are owed to Kristiansen. By this motion, Allstate seeks summary judgment declaring it has no duty to defend or indemnify Kristiansen in the Morgan action because the claims arising out of the assault are not covered by his mother's homeowner's policy. The policy only provides coverage for accidents and, further, expressly excludes coverage for injury resulting from an insured's criminal acts.

---

was already in prison, following his conviction on September 17, 2004 for the assault on Morgan. <u>See</u> Exhibit G; Exhibit K at 9.

Kristiansen's conviction has established his criminal act as a matter of law and he is collaterally estopped to relitigate the elements of his felony offense. As shown below, there are no genuine issues of material fact and Allstate is entitled to judgment as a matter of law.[4]

## III. LEGAL STANDARDS

### A. Summary Judgment

Federal law governs the standard for summary judgment in this action in which federal jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Bell Lavalin, Inc. v. Simcoe & Erie Gen. Ins. Co., 61 F.3d 742, 745 (9th Cir. 1995). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the burden of showing the absence of a material issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); Provenz v. Miller, 102 F.3d 1478, 1489-90 (9th Cir. 1996).

---

[4] This motion and declaratory judgment action is directed solely to the issue of coverage for Kristiansen. Allstate has

B.    <u>Interpretation of Insurance Policies Under Alaska Law</u>

Because this is a diversity case, the substantive law of Alaska applies and governs the interpretation of the insurance policy. <u>Bell Lavalin</u>, 61 F.3d at 745; <u>Colonial Ins. Co. v. Tumbleson</u>, 873 F. Supp. 310, 312 (D. Alaska 1995). Under Alaska law, the interpretation of an insurance policy is a legal question for the court and a proper matter for summary judgment where there are no disputed material facts. <u>Serradell v. Hartford Accident & Indem. Co.</u>, 843 P.2d 639, 641 (Alaska 1992); <u>Allstate Ins. Co. v. Ellison</u>, 757 F.2d 1042, 1044 (9th Cir. 1985).

To interpret an insurance policy, Alaska courts look to "(1) the language of the disputed policy provisions; (2) the language of other provisions in the policy; (3) relevant extrinsic evidence; and (4) case law interpreting similar provisions." <u>Holderness v. State Farm Fire & Cas. Co.</u>, 24 P.3d 1235, 1238 (Alaska 2001). Insurance policies are construed according to the principle of reasonable expectations. If a policy term is ambiguous, it should be interpreted in favor of the reasonable expectations of the insured. <u>State Farm Fire & Cas. Co. v. Bongen</u>, 925 P.2d 1042, 1047 (Alaska 1996); <u>see</u> <u>also</u> <u>Bell Lavalin</u>, 61 F.3d at 746.

The reasonable expectation approach is appropriate "regardless of whether the policy language is ambiguous . . . [but] 'is not to be used as an instrument for ignoring or rewriting insurance contracts.'" <u>Farquhar v. Alaska Nat'l Ins. Co.</u>, 20 P.3d 577, 579

---

acknowledged coverage exists for his mother, Mrs. Ezell, and is

(Alaska 2001) (quoting <u>Guin v. Ha</u>, 591 P.2d 1281, 1285 (Alaska 1979)) (footnote omitted).  Policy terms "should be interpreted in an ordinary and popular sense as would a person of average intelligence and experience." <u>Ellison</u>, 757 F.2d at 1044.  "If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." <u>Id.</u>

### C.  <u>Collateral Estoppel in Alaska</u>

When federal jurisdiction is based upon diversity, a federal court must apply the substantive law of the forum state, including the state's law pertaining to collateral estoppel. <u>Pardo v. Olson & Sons, Inc.</u>, 40 F.3d 1063, 1066 (9th Cir. 1994). Under the principle of full faith and credit a federal court must afford a state court judgment, including a criminal judgment, the same preclusive effect it would have in state court. <u>Far Out Productions, Inc. v. Oskar</u>, 247 F.3d 986, 993 (9th Cir. 2001); <u>Martinez v. Universal Underwriters Ins. Co.</u>, 819 F. Supp. 921, 922 (W.D. Wash. 1992), <u>aff'd</u> 15 F.3d 1087 (9th Cir. 1993) (table); <u>see also</u> 28 U.S.C. § 1738.  "In other words, the state law of issue preclusion, or collateral estoppel, determines the preclusive effect of state court judgments in federal court." <u>Martinez</u>, 819 F. Supp. at 922 (criminal judgment for arson precluded plaintiff from relitigating whether he set a fire and thus the intentional acts exclusion in his homeowner's policy barred coverage).

---

providing her a defense without reservation.

In Alaska, relitigation of issues determined in an earlier action by a final judgment is precluded by the application of collateral estoppel. State v. United Cook Inlet Drift Assoc., 895 P.2d 947, 950 at n.7 (Alaska 1995). Collateral estoppel may be used offensively where a plaintiff (such as Allstate here) seeks to preclude a defendant from re-litigating an issue the defendant previously litigated unsuccessfully against the same or a different party. Id.; Briggs v. Newton, 984 P.2d 1113, 1120 (Alaska 1999).

The collateral estoppel doctrine applies to both civil judgments and to criminal judgments for "serious offenses," which means all felonies and some misdemeanors. See Lamb v. Anderson, 147 P.3d 736, 741-42 (Alaska 2006); Howarth v. State, 925 P.2d 1330, 1334-1335 (Alaska 1996) (all felonies are "serious offenses" for purposes of the rule that a prior conviction has collateral estoppel effect). A conviction for a serious offense is considered conclusive proof of the facts necessarily determined in the criminal proceeding, including the elements of the criminal charge. Lamb, 147 F.3d at 739, 741-42; Howarth, 925 P.2d at 1333.

Convictions based on no contest pleas are subject to collateral estoppel. The Alaska Supreme Court recently reaffirmed:

> [A] conviction based on a no contest plea will collaterally estop the criminal defendant from denying any element in a subsequent civil action against him that was necessarily established by the conviction, as long as the prior conviction was for a serious criminal offense and the defendant in fact had the opportunity for a full and fair hearing.

Lamb, 147 P.3d at 742; Howarth, 925 P.2d at 1333 ("Howarth is

precluded by his plea of nolo contendere to second degree sexual assault from denying the conduct which constitutes this crime.").[5]

In cases to determine insurance coverage similar to this action, federal courts from this district have applied Alaska collateral estoppel law and precluded a party from relitigating the elements of a conviction entered on a no contest plea.  <u>See Allstate Ins. Co. v. Charles</u>, No. A01-0059 CV (JWS), Preliminary Order at 3-5 (D. Alaska Aug. 3, 2001) and Judgment (D. Alaska Sept. 17, 2001), attached as Exhibit N; <u>Allstate Ins. Co. v. Fratis,</u> No. A01-0251 CV (JKS), Order at 1 (D. Alaska Dec. 21, 2001) and Order at 4-10 (D. Alaska May 23, 2002), attached as Exhibits O and P; <u>Coffey v. Allstate Ins. Co.</u>, No. A00-0061 CV (JKS), Order at 7-9 (D. Alaska Oct. 30, 2000), attached as Exhibit Q. Copies of these decisions are submitted pursuant to D.Ak.LR 7.1(c).

In <u>Fratis</u>, which involved a fourth-degree assault conviction based on a no contest plea, the Court noted that despite some differences in the federal and state evidence rules:

> The criminal judgment against [the insured] conclusively establishes the facts set out in the information to which he plead, including both the requisite <u>mens rea</u> and <u>actus reas</u>. The federal rule does not prohibit the admissibility of the judgment of conviction and judicially noticeable facts upon which the judgment is based.

---

[5] <u>See also</u> <u>Lashbrook v. Lashbrook</u>, 957 P.2d 326, 330 n.2 (Alaska 1998) ("On remand, Gary will be precluded from challenging the facts which constitute the elements of the offenses to which he pled no contest . . ."); <u>Burcina v. City of Ketchikan</u>, 902 P.2d 817, 822 (Alaska 1995) ("a civil plaintiff is estopped from relitigating any element of a criminal charge to which he has pled nolo contendere").

Exhibit O at 1.

### IV.  THE CRIMINAL STATUTE VIOLATED BY KRISTIANSEN

Kristiansen pleaded no contest to Count IV of his indictment, which charged that he "recklessly caused physical injury to L.M. by means of a dangerous instrument, his hands . . . in violation of AS 11.41.220(a)(1)(B)."  Exhibits F and G.  The statute provides:

> (a)  A person commits the crime of assault in the third degree if that person
> (1)  recklessly
> . . .
> (B)  causes physical injury to another person by means of a dangerous instrument; . . .

The criminal statutes define "recklessly" as follows:

> a person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense <u>when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists</u>; the risk must be of such a nature and degree that the <u>disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation</u>; a person who is unaware of a risk of which the person would have been aware had that person not been intoxicated acts recklessly with respect to that risk;

AS 11.81.900(a)(3) [emphasis added].

Assault in the Third Degree is a Class C felony punishable by a term of imprisonment of up to five years.  AS 11.41.220(d); AS 12.55.125(e).

### V.  THE INSURANCE POLICY

The Allstate homeowner's policy issued to Mrs. Ezell, in Coverage X, provides liability coverage to insureds as follows:

> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an **insured person**

becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

Exhibit A at 38.  The policy defines "occurrence" as "an accident . . . resulting in bodily injury or property damage."  Id. at 17.

The policy contains the following exclusion:

1.  We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person.  This exclusion applies even if:

a)  such insured person lacks the mental capacity to govern his or her conduct;

b)  such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

c)  such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

Id. at 38.

VI.  **ARGUMENT**

A.  **Collateral Estoppel Applies in This Case**

The authorities cited above establish that Kristiansen is collateraly estopped from relitigating the facts established by his conviction based on a no contest plea so long as the conviction was for a serious criminal offense, the defendant had an opportunity for a full and fair hearing, and the issue on which the judgment of conviction is offered was necessarily decided in the criminal case. Lamb, 147 P.3d at 742; Scott v. Robertson, 583 P.2d at 191-192.

These requirements are met in this case. All felonies are serious criminal offenses, and Kristiansen was convicted of felony

assault. Kristiansen had an opportunity for a full and fair hearing. The criminal court file shows Kristiansen was represented by legal counsel throughout the proceedings, and that he was advised of his rights and the consequences of a no contest plea. See Exhibits G and H; see also Exhibit R (court log notes regarding arraignment and bail hearing). Moreover, convictions entered by defendants who are represented by counsel are considered valid. Scott v. Robertson, 583 P.2d at 192; see also Exhibit P at 5 (Order in Allstate v. Fratis)("[c]riminal convictions that are entered with the aid of counsel are generally considered valid," citing Scott v. Robertson).

Finally, Allstate offers the criminal judgment for the facts which are established by the conviction, as discussed next.

**B.    Facts Established by Kristiansen's Conviction**

Under the Alaska law set out above, Kristiansen's conviction for Assault in the Third Degree, in violation of AS 11.41.220(a)(1)(B), collaterally estops him from relitigating issues necessarily determined by his conviction or challenging the facts which constitute the elements of the offense.

Kristiansen's conviction establishes that he "cause[d] physical injury" to Morgan, and that he "recklessly" caused the injury. AS 11.41.220(a)(1)(B). Under the statutory definition of "recklessly," the conviction establishes that Kristiansen was aware of "a substantial and unjustifiable risk" that Morgan would be physically injured, and that Kristiansen "consciously

disregard[ed]" that risk.   AS 11.81.900(a)(3). Finally, the conviction establishes that Kristiansen's disregard of the risk "constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."   Id.

    **C.**   **Kristiansen's Assault of Morgan Does Not Constitute an "Accident"**

The Allstate homeowner's policy issued to Kristiansen's mother provides liability coverage only for bodily injury "arising from an occurrence."  Exhibit A at 38. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage."  Id. at 17.

The Alaska Supreme Court has defined the term "accident" as "anything that begins to be, that happens, or that is a result which is not anticipated and is unforeseen and unexpected."  Shaw v. State Farm Mut. Auto. Ins. Co., 19 P.3d 588, 590 (2001) (quoting Fejes v. Alaska Ins. Co., 984 P.2d 519, 523 (Alaska 1999)). Whether an occurrence is unanticipated, unforeseen, and unexpected is viewed from the perspective of the insured who is claiming coverage, in this case Kristiansen.  Id. at 590, citing C.P. v. Allstate Ins. Co., 996 P.2d 1216, 1223 (Alaska 2000).[6]

----

[6]Shaw noted that what may be an "accident" from the perspective of one insured, may not be an "accident" from the viewpoint of another insured, and therefore coverage may exist for one insured but not another.  19 P.3d at 591. Here, Allstate asserts the assault was not an "accident" from the perspective of Kristiansen, and thus no liability coverage exists for him.  As to his mother, Mrs. Ezell, Allstate has acknowledged coverage exists and does not contend there was no "accident" from her perspective.

Kristiansen's conviction for recklessly causing physical injury to Morgan establishes that Kristiansen was aware of a substantial and unjustifiable risk of injuring Morgan, and that he consciously disregarded that risk when he assaulted her. Because Kristiansen was <u>aware of the risk and consciously disregarded it</u>, the result was not unanticipated, unforeseen or unexpected. Thus, the injury suffered by Morgan was not the result of an accident.

In a similar declaratory judgment case decided in this district, Judge Singleton found there is both a subjective and objective component to the mental state for recklessness as defined by the criminal statute. <u>See</u> Exhibit P at 8 (May 23, 2002 Order in <u>Allstate v. Fratis</u>). To establish guilt for a crime incorporating "recklessly," there must be proof that the actor was actually aware of the risk and that he grossly deviated from the conduct of a reasonable person. Because the conviction in <u>Fratis</u> for assault in the fourth degree (for shooting paintballs at victims) established the defendant's awareness of the substantial risk of injury, the conviction precluded a finding that the incident was an "accident" for purposes of the insurance policy. Exhibit P at 8-9.

The same conclusion must be reached in this case. Because the injury to Morgan did not result from an "accident," the Allstate homeowner's policy does not provide coverage for Kristiansen. Allstate thus has no duty to defend or indemnify Kristiansen in the Morgan action.

D.    **The Criminal Acts Exclusion Precludes Coverage for the Claim Against Kristiansen**

Assuming for purposes of argument that Kristiansen's assault on Morgan could somehow meet the "accident" requirement, coverage would still be excluded by the criminal acts exclusion in the policy. The exclusion encompasses both intentional acts and criminal acts. This motion addresses only the exclusion for criminal acts.

The exclusion states there is no coverage for bodily injury "which may reasonably be expected to result from the . . . criminal acts or omissions of, any insured person." Exhibit A at 38. The exclusion has two elements. Both are established here.

First, there must be a criminal act by an insured person. Kristiansen's act of assaulting Morgan plainly was a criminal act. He is collaterally estopped to deny that he was convicted of the crime of Assault in the Third Degree. His conviction establishes, as a mater of law, the "criminal act" element of the exclusion.[7]

Second, the bodily injury at issue must be injury "which may reasonably be expected to result" from the insured's criminal act. Exhibit A at 38. The exclusion applies even if the insured lacked the mental capacity to govern his conduct, or the bodily injury is of a different kind or degree than reasonably expected. Id.

---

[7] "The term 'criminal act' means exactly what it says – a violation of those laws which are enacted to protect the public and which render the act punishable under the criminal code." Ideal Mutual Ins. Co. v. Winker, 319 N.W.2d 289, 298 (Iowa 1982); see also Allstate Ins. Co. v. Brown, 16 F.3d 222, 225 (7th Cir. 1994) ("an act is criminal if it violates the State's criminal code"); Allstate Ins. Co. v. Freeman, 443 N.W.2d 734, 748 n. 24 (Mich.

The Alaska Supreme Court has not addressed this exclusion. However, numerous courts in other jurisdictions have construed identical or very similar exclusions, and federal courts in this district have considered the exclusion in the Allstate policy form at issue here. The courts have found the exclusion unambiguous and concluded the "reasonably be expected" language is an objective standard and refers to the expectations of a reasonable person. See, e.g., Allstate v. Brown, 16 F.3d at 225 (agreeing with and stating that "[m]any other jurisdictions have addressed the meaning of [Allstate's] intentional or criminal acts exclusion and have found it unambiguous and providing an objective standard"); Exhibit P at 9 (Order in Allstate v. Fratis).[8]

For example, in Allstate Ins. Co. v. Peasley, 932 P.2d 1244 (Wash. 1997), the Washington Supreme Court found the exclusion unambiguous and concluded a conviction for reckless endangerment met the objective standard set out in the exclusion. The case arose after a guest in Peasley's home suffered injuries when Peasley shot her in the stomach. Both Peasley and the guest maintained the shooting was accidental. Peasley entered into a plea bargain and was convicted of second degree reckless

---

1989)(a conviction "satisfies the 'criminal conduct' aspect of the first element" of a criminal acts exclusion in Allstate's policy).
    [8] See also Stinson v. Allstate Ins. Co., 441 S.E.2d 453, 454 (Ga. App. 1994) ("the words 'which may reasonably be expected to result from the intentional or criminal acts of an insured person' clearly creates a universal objective standard"); Allstate Ins. Co. v. Foster, 693 F.Supp. 886, 888 (D. Nev. 1988) (the phrase "plainly and unambiguously refers to the expectations of a reasonable person").

endangerment. Id. at 1246. In a declaratory judgment action to determine if coverage existed under Peasley's homeowner's policy, the court held a criminal acts exclusion like the one at issue here precluded coverage.[9] Id. at 1249-50.

The court first concluded that "criminal acts," as used in the exclusion, encompasses both intentional and non-intentional conduct and "clearly encompasses Peasley's criminal act of reckless endangerment." Id. at 1249 (citing numerous cases and stating "our reading of the phrase 'criminal acts' is supported by nearly every jurisdiction in our country which has examined that phrase"). The court also concluded the conviction of reckless endangerment met the objective standard of injury that "may reasonably be expected" to result from the insured's criminal act. The court reasoned:

> [T]he elements of reckless endangerment meet the objective standard. Conduct is reckless when one 'knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.' [Citation omitted.] By definition of the crime to which Peasley pleaded. . . [the victim's] serious physical injuries were reasonably expected to result from Peasley's reckless act.

Id. at 1250.[10]

---

[9] The exclusion in Peasley, 932 P.2d at 1247, provided:

We do not cover any bodily injury which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.

[10] Under the Washington statute, similar to the Alaska statute, conduct is considered reckless

The same result should be reached in this case. Kristiansen was convicted of "recklessly caus[ing] physical injury" to Morgan. The conviction established not only that Kristiansen was aware of a substantial and unjustifiable risk that Morgan would be physically injured, and that Kristiansen consciously disregarded the risk, but also that his disregard of the risk "constitute[d] a gross deviation from the standard of conduct that a reasonable person would observe in the situation." AS 11.81.900(a)(3). In other words, a reasonable person would not have acted as Kristiansen did because injury to Morgan would be expected to result. Accordingly, Kristiansen's criminal assault of Morgan falls squarely within the terms of the criminal acts exclusion in the Allstate policy.[11]

## VII. <u>CONCLUSION</u>

Clay Kristiansen was convicted of recklessly causing physical injury to Lori Morgan. The conviction estops him from relitigating

---

when one 'knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.'

932 P.2d at 1250 (quoting RCW 9A.08.010(1)(c)).

[11] For examples of other similar cases holding a criminal acts exclusion precluded coverage, see <u>Allstate Ins. Co. v. Schmitt</u>, 570 A.2d 488 (N.J. Super. 1990) (exclusion barred coverage for an insured who struck a bar patron with a glass and was convicted of "recklessly caus[ing] bodily injury to another with a deadly weapon"); <u>Allstate Ins. Co. v. Sowers</u>, 776 P.2d 1322, 1323 (Or. Ct. App. 1989) (exclusion barred coverage for insured convicted of resisting arrest when he struck a police officer; because the officer's "injury was the foreseeable result of Sowers' criminal act of resisting arrest, it fell squarely within the exclusion").

the elements of his crime.  His conviction establishes that his assault of Ms. Morgan was not an "accident" within the meaning of his mother's homeowner's policy, and the policy therefore does not provide coverage for Morgan's injuries.  Even if the assault could be considered an accident, it is excluded from coverage by the criminal acts exclusion in the policy.

There are no material issues of fact and Allstate has shown it is entitled to judgment as a matter of law. The Court should grant summary judgment, declaring that Allstate has no duty to defend Clay Kristiansen in the Morgan action or indemnify him for any judgment that may be entered against him.

RESPECTFULLY SUBMITTED this 21st day of March, 2007.

By:  s/Jean E. Kizer

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Insurance Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail:  jek@bwclawyers.com
Phone: (907) 276-2999
Fax:  (907) 276-2956
[ABA No. 8706030]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2007
a copy of the foregoing Allstate Motion and
Memorandum in Support of Summary Judgment
Was served by mail on:

**Clay Kristiansen**
**6 Blanche Avenue**
**Fairbanks, AK   99701**

**Lori Morgan**
**720 10th Avenue**
**Fairbanks, AK 99701**

<u>s/Jean E. Kizer</u>

N:\ASM\854\487\PLDG\SUMMARY.JUDG.MTN.MEM.doc