IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| LORI MORGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>VIRGINIA EZELL,<br><br>    Defendant.<br>_____<br>VIRGINIA EZELL,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>CLAY KRISTIANSEN,<br><br>    Third-Party Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 4FA-05-1876 CI

RECEIVED MAR 3 1 2006
PAUL W. WAGGONER
Attorney at Law

RECEIVED
Bliss, Wilkens & Clayton
FEB 1 5 2007

File #_____ Atty _____
Calendar_____ File_____
c_____

## ORDER REQUIRING PRODUCTION OF GRAND JURY TESTIMONY

In the instant case, the Defendant's attorney has requested a copy of the transcript of the testimony of Lori Morgan before the Grand Jury in the criminal case that preceded this civil case.

Mr. Waggoner has filed a motion requiring production of the Grand Jury testimony, but has not supported it with any briefing on the law.

In essence, a Grand Jury testimony is confidential, and the secrecy that surrounds the Grand Jury proceeding should be maintained by the courts (See Criminal Rule 6). However, once the Indictment is returned and the criminal case is afoot, the transcript of the Grand Jury proceedings is commonly sought after by, and disclosed to, the defense.

EXHIBIT C
PG 1 OF 3

Based on U.S. v. Sells Engr., Inc., 463 U.S. 418, 434-35 (1983), this Court is jealous of the confidentiality of the Grand Jury proceedings, and wants to make sure that the parties understand that disclosure of such things in a civil matter is not automatic, but permitted only where appropriate.

This Court believes that disclosure of the testimony of Lori Morgan before the Grand Jury is proper to avoid injustice--the ability of the defense to review prior sworn testimony of the Plaintiff in this civil case.

This Court, based on U.S. v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991);and In re Barker, 741, F.2d 250, 255 (9th Cir. 1984), will, therefore, order the disclosure to Ms. Ezell's attorney by either transcript or an audio copy of the testimony. The Court understands that the particularized need is for discovery, possible impeachment, and possible establishment of facts necessary for the resolution of this civil case. It is also understand that the testimony is sought for its own sake rather than to learn what took place before the Grand Jury (see U.S. v. Dynavac, Inc., 6 F.3d 1407 (9th Cir. 1993).

This Court believes that the disclosure of this information will not compromise any specific needs of the criminal justice system, and will not compromise the need to ensure the freedom to the Grand Jury in its deliberations in future cases.

Therefore, this Court orders the District Attorney's Office to provide the Grand Jury testimony of Lori Morgan to Mr. Waggoner, attorney for Ms. Ezell in this civil case, by whatever means they feel is appropriate (either by recording or transcript).

EXHIBIT C
PG 2 OF 3

DATED at Fairbanks, Alaska this ___24th___ day of March, 2006.

_____
ROBERT B. DOWNES
Superior Court Judge

[X] U.S. Postal Svc. Walker, Waggoner
[ ] Hand/Del.
[ ] D/W Delivery
[ ] Courier Svc.
[ ] Pick Up Bin
[ ] Fax
[ ] Other

By: MT    Date: 3-29-06

EXHIBIT _C_
PG _3_ OF _3_