IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

STATE OF ALASKA, )
)
        Plaintiff, )
)
vs. )
) **FILED in the Trial Courts**
) **State of Alaska, Fourth District**
CLAY J. KRISTIANSEN, )
)   JUL 3 0 2004
        Defendant. )
_____ )
Case No. 4FA-S04-1690 Cr.   By_____Deputy

## 404(b) APPLICATION TO ADMIT EVIDENCE

> **VRA CERTIFICATION**
> I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of a crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was referred by the court.

The State hereby provides notice of its intent to admit evidence of Clay J. Kristiansen's (hereinafter "Kristiansen" or "Defendant") prior and subsequent physical assaults against his ex-girlfriend/victim, L.M., pursuant to Alaska Criminal Rules of Evidence Rule 404(b)(1), Rule 404(b)(2), Rule 404(b)(4), and Rule 403.

I.    **SUMMARY OF APPLICATION**

The Defendant has been indicted by the Grand Jury on four counts: (1) Kidnapping (an Unclassified Felony); (2) two counts of Assault III (Class C Felonies); and (3) one count of Assault II (a Class B Felony). All of the offenses involve domestic violence against Defendant's long time girlfriend and victim, L.M.. Evidence Rule 404(b)(1) provides that other bad acts of the defendant may be admitted to show

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults         1

motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident, among other matters. Evidence Rule 404(b)(2) provides that in a prosecution for a crime involving physical assault, evidence of other bad acts by a defendant are admissible if: (1) the prior offenses occurred within 10 years preceding the date of the offense charged; (2) the prior offenses are similar to the offense charged and (3) the prior offenses were committed upon persons similar to the prosecuting witness. Evidence Rule 404(b)(4) provides that in a prosecution for a crime involving domestic violence evidence of other crimes involving domestic violence by the defendant against the same or another person is admissible. See, e.g., Fuzzard v. State, 13 P.3d 1163 (Alaska App. 2000) (upholding use of 404(b)(4) evidence to show defendant's propensity to commit domestic violence crimes and Bingaman v. State, WL 22020189 (August 22, 2003).

## II. STATEMENT OF FACTS

On November 1, 2003 at approximately 2042 hours, Fairbanks Police Department, Officer Allen (hereinafter "FPD Allen"), responded to 1554 Eielson Street for a report that Kristiansen had entered the residence and had taken a television set. FPD Allen made contact with the complainant, identified as L.M.. Upon making contact with L.M., L.M. informed FPD Allen that she had been physically assaulted by her boyfriend, Kristiansen. FPD Allen observed L.M. to have a large mark on her arm that was red in color and that was swelling noticeably throughout his contact with L.M.. L.M. stated to FPD Allen that she had been hit on the arm by Kristiansen.

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

2

Immediately upon contact with L.M. FPD Allen noted that L.M. had dark, purple, red and black bruises under both of her eyes. FPD Allen additionally noted that L.M. appeared to have a visibly broken nose. Further investigation revealed that L.M. also had large, darkly colored bruises on her sides, in the area of her kidneys. FPD Allen questioned L.M. who reported that she had been hit and kicked by Kristiansen approximately a week or so prior. L.M. indicated that Kristiansen had beaten her because he was angry over the fact that she had had friends over to the apartment. These facts are set forth in the police investigative reports which were discovered to the Public Defender agency on December 16, 2003 in case number 4FA-S03-4205 and again as part of discovery in the current case. Photographs of L.M.'s injuries were also taken and are attached to this motion for the Court's consideration.

The State also seeks to introduce evidence of a prior domestic assault conviction of Kristiansen's from October 24, 2000. (Case number 4FA-C00-3676). A copy of the (1) police reports, (2) the charging documents, and (3) the judgment in that case are also attached to this application.

### III. LAW AND AUTHORITY

#### A. Evidence Rule 404(b)(1)

<u>Rule 404(b)(1) has changed from a rule of exclusion to a rule of inclusion.</u>

Criminal Rule of Evidence 404(b) was traditionally a rule of exclusion. See <u>Lerchenstein v. State</u>, 697 P.2d 312 (Alaska App. 1985), 726 P.2d 546 (Alaska 1986). As amended in 1991, Rule 404(b) is now a rule of inclusion. Alaska courts'

DISTRICT ATTORNEY, STATE OF ALASKA
455 THIRD AVENUE, SUITE 150
NORTHWARD BUILDING
FAIRBANKS, ALASKA 99701
(907) 451-5970

EXHIBIT G, PG. 3 OF 11

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

3

post-1991 interpretation of Rule 404(b), strongly favors admissibility. If the evidence of prior bad acts is relevant and probative on some issue other than pure criminal propensity, there is a presumption in favor of admitting the evidence.

In adopting the 1991 amendment, the legislature expressly stated its intent to overrule Alaska case law interpreting Evidence Rule 404(b) as a rule of exclusion and the presumption that it was more prejudicial than probative. The legislative history notes:

> State courts treat Rule 404(b)(1), Alaska Rules of Evidence, as a rule of exclusion. Evidence is presumed prejudicial and inadmissible even if it is relevant to an issue at trial. *[T]he amendment of Rule 404(b)(1), Alaska Rules of Evidence, made by section 4 of this Act, changes the state court rule applicable in a criminal action or proceeding to make it one of inclusion and to establish that the nonpropensity purposes listed in the rule are not inclusive and that evidence can be admitted if it is relevant to a purpose not listed in the rule.*

See Ch. 79, section 1SLA 1991 (citations omitted, emphasis added). The rule as it is currently written provides:

> Evidence of other crimes, wrongs, or acts is not admissible if the sole purpose for offering the evidence is to prove the character of a person in order to show that the person acted in conformity therewith. It is, however, admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

See Alaska Evidence Rule 404(b)(1).

EXHIBIT _E_
PG _4_ OF _11_

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

4

DISTRICT ATTORNEY, STATE OF ALASKA
455 THIRD AVENUE, SUITE 150
NORTHWARD BUILDING
FAIRBANKS, ALASKA 99701
(907) 451-5970

The testimony of L.M. is admissible under 404(b)(1) to show motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident as related to Kristiansen's actions. In the two most recent cases the defendant assaulted his girlfriend, L.M.. In the prior case from 2000, Kristiansen assaulted his then girlfriend, identified as L.R.. L.M. and L.R. have the same date of birth and are believed to be the same person. In both the present case and the 2000 case, the Defendant committed similar physical assaults upon L.M. with whom he was involved in a romantic relationship.

There are no statements available from Kristiansen at this time. In both the November 1, 2003 domestic assault and the present felony kidnapping/assaults, the Defendant disappeared prior to being contacted by law enforcement. As a result of FPD Allen's observations of the L.M. on November 1, 2003, a 12 Hour PC arrest was placed in APSIN for Kristiansen. Kristiansen was not located.

In addition, the facts in this case are so similar as to amount to evidence of a common plan or scheme for physical assault. See, e.g., Coleman v. State, 621 P.2d 869 (Alaska 1980). See also Harmon v. State, 908 P.2d 434 (Alaska App. 1995). In Harmon the court admitted evidence of two prior sexual assault convictions and the surrounding circumstances, because of the strong similarities, which amounted to a *modus operandi*. The court also evaluated the evidence under the Evidence Rule 403 standard, i.e., whether the evidence, though relevant, is more prejudicial than probative. In Harmon, the court held that it was not precluded under Criminal Rule of Evidence

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

5

403. Although, the facts in Kristiansen's case deal with physical and not sexual assaults, the message of the courts is the same: where the similarities are strong the evidence should not be precluded. Because evidence in at least two of the cases involves Kristiansen's use of strangulation as a means of asserting control over the victim, the evidence should be admitted.

Evidence of the November 1st, 2003 assault also goes beyond mere propensity evidence and is more probative than prejudicial. While the November 1st assault occurred subsequent to the felony kidnapping/assaults, the evidence is probative to paint a complete picture of how the earlier felony kidnapping/assaults came to light. The admission of the evidence is necessary to demonstrate how law enforcement first became aware of the earlier, unreported felony kidnapping/ assaults. Further, evidence of the November 1st assault demonstrates a common plan or scheme of both physical assaults on the victim by the Defendant as well as a common plan or scheme of mental and physical control through threats and coercion. Evidence of threats, coercion and control are wholly relevant to the Kidnapping charge. Exclusion of the evidence of the prior assaults and the November 1st assault, would unduly prejudice the State's case, present an incomplete evidentiary picture for the finder of fact and create unnecessary confusion. The evidence is more probative than prejudicial and should be admitted.

There are profound similarities among all of the cases and incidents listed above. The only difference is that this time the Defendant has been indicted on four felony counts and must stand trial.

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

EXHIBIT  E
PG  6  OF  11

6

B.  Evidence Rule 404(b)(2)

The physical assaults on L.M. are also admissible pursuant Evidence Rule 404(b)(2). All of the assaults occurred within 10 years of November 1, 2003. All of the assaults are similar to the offense charged and all of the assaults were committed by the Defendant upon the prosecuting witness.

C.  Evidence Rule 404(b)(4)

In Fuzzard v. State, 13 P.3d 1163 (Alaska App. 2000), the Court of Appeals rejected a challenge to Evidence Rule 404(b)(4) that claimed the admission of evidence of prior domestic violence crimes to show propensity was unconstitutional. The court upheld the statute and found that use of evidence of prior domestic violence crimes at trial did not violate any constitutional protections. Id., at 1167-68. In so ruling, the court noted the legislature's "strong interest in addressing the proof problems posed by domestic violence: abuse that is often repeated, unreported and unwitnessed." Id. at 1168. The proffered testimony and evidence concerning L.M. are not dissimilar crimes of domestic violence. All of the cases and incidents involve the same victim and the same "methods" used by the Defendant. All of the assaults constitute crimes of domestic violence.

D.  Balancing Under Rule 403

The only basis for exclusion of the evidence is if its probative value is substantially outweighed by undue prejudice. Here, the evidence is only prejudicial to the extent it is highly probative of Kristiansen's propensity to physically assault his

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

EXHIBIT E
PG 2 OF 11

7

romantic partner, L.M.. Because this type of "prejudice" is based on the relevance and probative value of the evidence rather than anything particularly prejudicial in the evidence itself, the Court should find after engaging in a balancing test that the probative value outweighs any prejudice.

### IV. CONCLUSION

Because the evidence is admissible under Criminal Rules of Evidence 404(b)(1), Rule 404(b)(2) and Rule 404(b)(4), it should be admitted. It is not outweighed by undue prejudice or other factors under Evidence Rule 403. For these reasons, the State respectfully requests that its application be granted.

Dated at Fairbanks, Alaska, this 30th day of July, 2004.

GREGG D. RENKES
ATTORNEY GENERAL

By: _____
Danielle S. Simmons, ABA#0311074
Assistant District Attorney

This is to certify that a copy of the foregoing is being delivered via courier service to the following attorneys or parties of record: PD- Hite

J STEPHENS     7/30/04
Name           Date

EXHIBIT E
PG 8 OF 11

State v. Kristiansen, 4FA-S04-1690
404(b) Application to Admit Evidence of Prior Assaults

8

EXHIBIT E
PG 9 OF 11



EXHIBIT E
PG 10 OF 11

EXHIBIT  E
PG  11  OF  11