```
LAW OFFICE OF DARRYL D. WALKER
c/o HOPPNER LAW OFFICE
330 Wendell Street, Suite F
P. O. Box 70767
Fairbanks, AK  99707
Tel:  (907) 452-2492
Fax:  (907) 452-4020
```

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| LORI MORGAN,                    )<br>                                 )<br>         Plaintiff,             )<br>                                 )<br>vs.                              )<br>                                 )<br>VIRGINIA EZELL,                  )<br>                                 )<br>         Defendant.             )<br>_____ ) | Case No. 4FA-05-1876 CIV<br>ABA No. 9306017 |

## COMPLAINT

COMES NOW the Plaintiff, Lori Morgan, by and through her attorney, Theodore D. Hoppner of HOPPNER LAW OFFICE, and for her complaint against the Defendant, Virginia Ezell, alleges and states as follows:

1.  At all material times, plaintiff was a resident of Fairbanks, Alaska.

2.  At all material times, Defendant was a resident of Fairbanks, Alaska and maintained a home located at 6 Blanche

COMPLAINT
Case No. 4FA-05-_____ CIV
Morgan v. Ezell
Page 1 of 5

EXHIBIT ___I___
PG ___1___ OF ___5___

Avenue. At all material times, Defendant's son resided at this residence with the permission of Defendant.

3. At all times material, Defendant was responsible for the maintenance and security at said residence. On many occasions, Plaintiff was invited into said residence along with Defendant's son, with whom Plaintiff had a long standing romantic relationship that Defendant was well aware of.

4. Defendant was also well aware that Plaintiff and her son had had numerous violent, physical encounters at Plaintiff's residence during the course of their romantic relationship and that Plaintiff had sustained numerous physical injuries as a result of her son's assaultive and violent behavior.

5. On or about October 27, 2004, Plaintiff became a lawful invitee of Defendant and Defendant's son. Defendant's son suddenly began to assault Plaintiff in a violent and systematic fashion, brutally beating her about the head and body. That assault continued throughout the night and into the next morning and afternoon, during which time Plaintiff struggled vigorously with Defendant's son. The attack took place in a downstairs bedroom, while Defendant was present in the residence, and resulted in serious physical injury to Plaintiff.

COMPLAINT
Case No. 4FA-05-_____ CIV
Morgan v. Exdll
Page 2 of 5

EXHIBIT ___I___
PG ___2___ OF ___5___

6. During the attack by Defendant's son, Plaintiff repeatedly screamed for help but Defendant chose to ignore Plaintiff's screams, ignored her cries for help and ignored the other sounds associated with this prolonged and systematic assault. Plaintiff also failed to investigate or intervene in any fashion.

7. At all material times, Defendant, as the owner of the residence located at 6 Blanche Avenue, owed a duty of reasonable care to Plaintiff for Plaintiff's safety while she was an invitee on Defendant's premises. As such, Defendant had a duty to: exercise reasonable care to discover that the harmful act of a third person was being committed or was likely to be committed and otherwise protect Plaintiff against harm.

8. At all material times, Defendant knew or should have known that Plaintiff would likely be subject to assault by Defendant's son because of numerous prior assaults that had been committed against Plaintiff by her son at her residence.

9. Notwithstanding this particular knowledge and recognition of a duty to protect Plaintiff and other invitees from harm, Defendant negligently, recklessly and in wanton disregard for the lives and safety of persons such as

COMPLAINT
Case No. 4FA-05-_____ CIV
Morgan v. Ezell
Page 3 of 5

EXHIBIT I
PG 3 OF 5

Plaintiff, breached her duty to Plaintiff in, but not limited to, the following ways:

(a) Failing to adequately respond to Plaintiff's cries for assistance or to adequately investigate and/or intervene in the assault as soon as the assault came to her attention.

10. As a direct, proximate and legal cause of the negligence of Defendant, Plaintiff has incurred damages which include, but are not limited to, the following:

A. Personal injuries to Plaintiff Lori Morgan including, but not limited to: a fractured eye socket, a fractured cheekbone, and a broken nose;

B. Pain and suffering, past and future;

C. Loss of enjoyment of life, past and future; and

D. Such other and further damages as may be proved at trial.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant in an amount to be proved at trial, in excess of $100,000 (ONE HUNDRED THOUSAND DOLLARS), plus prejudgment interest, costs, attorney fees, and such other and further relief as the court may deem just and equitable

COMPLAINT
Case No. 3FA-05-_____ CIV
Morgan v. Ezell
Page 4 of 5

EXHIBIT I
PG. 4 OF 5

DATED at Fairbanks, Alaska, this 5th day of June, 2005.

HOPPNER LAW OFFICE
Attorney for Plaintiff

*Darryl D. Walker*
Darryl D. Walker
ABA No. 0506045

COMPLAINT
Case No. 4FA-05-_____ CIV
Morgan v. Ezell
Page 5 of 5

EXHIBIT I
PG 5 OF 5