IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| LORI MORGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>VIRGINIA EZELL,<br><br>    Defendant. | |
| VIRGINIA EZELL,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>CLAY KRISTIANSEN,<br><br>    Third-Party Defendant. | |

Case No. 4FA-05-1876 CI



RECEIVED
SEP 13 2006
PAUL W. WAGGONER
Attorney at Law

## AMENDED COMPLAINT

Plaintiff, Lori Morgan, through undersigned counsel, and for her complaint against the Defendant, Virginia Ezell, alleges and states as follows:

1. At all material times, Plaintiff was a resident of Fairbanks, Alaska.

2. At all material times, Defendant was a resident of Fairbanks, Alaska and maintained a home located at 6 Blanche Avenue. At all material times, Defendant's son resided at this residence with the permission of the Defendant.

3. At all times material, Defendant was responsible for the maintenance and security at said residence. On many occasions, Plaintiff was invited into said residence along with Defendant's son with whom Plaintiff had a long-standing romantic relationship that Defendant was well aware of.

4. Defendant was also well aware that Plaintiff and her son had had numerous violent, physical encounters at Plaintiff's residence during the course of their romantic relationship

FRANICH LAW
OFFICE, LLC

1305 21st Avenue
Suite 204
Fairbanks, Alaska 99701
Tel.: (907) 456-5100
FAX: (907) 458-0003

and that Plaintiff had sustained numerous physical injuries as a result of her son's assaultive and violent behavior.

5. On or about October 27, 2004, Plaintiff became a lawful invitee of Defendant and Defendant's son. Defendant's son suddenly began to assault Plaintiff in a violent and systematic fashion, brutally beating her about the head and body. That assault continued throughout the night and into the next morning and afternoon, during which time Plaintiff struggled vigorously with Defendant's son. The attack took place in a downstairs bedroom, while Defendant was present in the residence, and resulted in serious physical injury to Plaintiff.

6. During the attack by Defendant's son, Plaintiff repeatedly screamed for help but Defendant chose to ignore Plaintiff's screams, ignored her cries for help, and ignored the other sounds associated with this prolonged and systematic assault. Plaintiff also failed to investigate or intervene in any fashion.

7. At all material times, Defendant, as the owner of the residence located at 6 Blanche Avenue, owed a duty of reasonable care to Plaintiff for Plaintiff's safety while she was an invitee on Defendant's premises. As such, Defendant had a duty to: exercise reasonable care to discover that the harmful act of a third person was being committed or was likely to be committed and otherwise protect Plaintiff against harm.

8. At all material times, Defendant knew or should have known that Plaintiff would likely be subject to assault by Defendant's son because of numerous prior assaults that had been committed against Plaintiff by her son at her residence.

9. Notwithstanding this particular knowledge and recognition of a duty to protect Plaintiff and other invitees from harm, Defendant negligently, recklessly and in wanton disregard for the lives and safety of persons such as Plaintiff, breached her duty to Plaintiff in, but not limited to, by failing to adequately respond to Plaintiff's cries for assistance or to adequately investigate and/or intervene in the assault as soon as the assault came to her attention.

10. Plaintiff alleges that as a result of the conduct of the Defendant, as described in the original complaint, Plaintiff suffered great past and future injury and harm including, but not limited to: great pain of mind and body, shock, severe emotional distress, great mental anguish, embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, loss of earnings and earning capacity; and has incurred and will in the future incur expenses for medical and

FRANICH LAW OFFICE, LLC
1305 21st Avenue
Suite 204
Fairbanks, Alaska 99701
Tel. (907) 456-5100
FAX (907) 458-0003

Morgan v. Ezell
Case No. 4FA-05-1876 CI        Page 2 of 3        Amended Complaint

EXHIBIT ___J___
PG ___2___ OF ___3___

psychological treatment, therapy, counseling, and other economic and non-economic injury, all to damages in an amount in excess of $100,000.00, the exact amount to be proven at trial.

12. Plaintiff alleges that the conduct of the Defendant, as described in this complaint, was willful and wanton misconduct, grossly negligent, illegal, outrageous and malicious behavior, and conduct which showed a reckless indifference to the interests and well-being of the Plaintiff; therefore, Plaintiff should be awarded punitive damages against Defendant.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. General and compensatory damages awarded against Defendant in an amount to be proven at trial, but which in any event is greater than $100,000.00;

2. An award of punitive damages against Defendant;

3. An award of prejudgment interest, costs and attorney's fees against Defendant, including an award of full reasonable attorney fees under AS 09.60.070; and

4. For such other and further relief as the court deems just and proper.

Dated: _____September 14, 2006_____

FRANICH LAW OFFICE, LLC
Attorney for Plaintiff, Lori Morgan

By: _____
J. John Franich
ABA No. 8011078

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was provided via ☒ mail ☒ Due Process courier ☐ hand-delivery to the following:
Paul Waggoner

Dated: 9/14/06 By: _____

FRANICH LAW
OFFICE, LLC
1305 21st Avenue
Suite 204
Fairbanks, Alaska 99701
Tel. (907) 456-5100
FAX: (907) 458-0003

Morgan v. Ezell
Case No. 4FA-05-1876 CI

Page 3 of 3

Amended Complaint

EXHIBIT ___J___
PG ___3___ OF ___3___