ALLSTATE MARKET CLAIM OFFICE
7632 SW DURHAM RD, SUITE 200
TIGARD, OR 97224
PHONE: 888-442-6219 (EXT. 4020); 503-443-4020
FAX: 503-603-5968

February 6, 2006

*By Certified Mail*

Clay Kristiansen
Point McKenzie Correctional Farm
P.O. Box 877730
Wasilla, AK 99687

    RE:  Morgan v. Ezell v. Kristiansen
         Case No.:                    4FA-05-1876 Civ
         Policyholder:             Virginia Ezell
         Policy No.:                064567836 Homeowners
         Allstate Claim No.:       3323228225

Dear Mr. Kristiansen:

    Thank you for responding to our December 14th letter and confirming that you request a defense of the claim brought against you in the referenced lawsuit. We understand you seek a defense and indemnity under the Allstate homeowners policy issued to your mother, Virginia Ezell. Allstate previously sent you a reservation of rights letter, dated December 14, 2005, and advised that we were investigating the claim and considering whether the policy issued to Ms. Ezell would potentially provide coverage for the third-party claim asserted against you by Ms. Ezell.

    The purpose of this letter is to advise that, based upon facts currently known, there are substantial questions whether Allstate has any duty to defend or indemnify you in the referenced action, for reasons detailed below and in our prior letter. However, Allstate agrees to provide you a defense at this time, subject to the reservation of rights set forth below.

    We have reviewed the allegations in the complaint brought by Lori Morgan against your mother, and the third-party complaint Ms. Ezell filed against you. The suit arises from an incident alleged to have occurred on October 27, 2004, during which you are alleged to have assaulted Ms. Morgan while in your mother's home on Blanche Street in Fairbanks. Ms. Morgan seeks to recover from your mother for injuries Morgan claims to have suffered in the assault. Ms. Ezell's third-party claim alleges that you should be found at fault and responsible for any injuries claimed by Ms. Morgan.

    Allstate issued a homeowners policy to your mother, Virginia Ezell, which was in effect at the time of the alleged October 27, 2004 incident. Allstate's obligations with respect to the claim asserted against you are governed by the terms, limitations and exclusions of the policy and Alaska law.

    The policy includes the following definitions, which are relevant to determine who is insured under the policy:

EXHIBIT  M
PG  1  OF  2

AP408, p.25.

For the above reasons, it appears that the insurance coverage provided by Ms. Ezell's policy may not be available to you. For these reasons, and any other reasons which may become known to Allstate, our handling of the claim against you shall not be considered a waiver of any policy or coverage defenses or of any defenses or rights which Allstate has under either its policy or the law, which rights are expressly reserved. Allstate also reserves its right to supplement or amend this reservation of rights and to add or remove any coverage issues.

Subject to the above reservations, and pursuant to the terms and conditions of the policy, Allstate agrees to pay the reasonable and necessary attorney's fees and costs incurred to defend you in this suit. Under an Alaska statute, AS 21.89.100, you have the right to choose a lawyer to represent you in defending the claim. A copy of the statute is enclosed. It provides that where an insurance company reserves its rights with respect to coverage, as Allstate has done here, you may select qualified independent counsel to be paid for by Allstate. The statute also provides that you may waive the right to select independent counsel by signing an appropriate written statement, in which case Allstate would select counsel to defend you. You may wish to consult with a lawyer about your rights under the statute.

With regard to the cost of your defense, Allstate will pay only those reasonable fees and costs related specifically to the defense of the claim brought against you in this suit. Your lawyer's invoices should reflect specific actions performed and the time expended for each activity.

Allstate reserves the right to initiate an independent legal action, called a declaratory judgment action, to resolve the insurance coverage issues. Allstate also reserves the right to withdraw the defense provided to you at any time and to seek reimbursement from you for the cost of defense if Allstate receives a court determination that it has no duty to defend you in this suit.

Please promptly advise Allstate of the lawyer you choose to defend you. For your convenience, I have enclosed a self-addressed stamped envelope. If you have any questions, please feel free to contact me. Once you have selected counsel, Allstate would like to conduct a telephonic interview with you regarding this claim. Since your interests may be different than Allstate's with respect to questions of insurance coverage, you may wish to have counsel present.

Very truly yours,

Allstate Insurance Company

*Cindy Criss*
Cindy Criss
Oregon Casualty MCO
(503)443-4020
CHS55@Allstate.com

Enclosures: AS 21.89.100
Self-addressed stamped envelope

EXHIBIT ___M___
PG ___2___ OF ___2___