FILED

AUG 3 2001

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ _____ Deputy

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | A01-59 CV (JWS) |
| ) | |
| vs. ) | PRELIMINARY ORDER |
| ) | |
| CHRISTOPHER CHARLES; and ) | [Re:   Motion for Summary |
| EDWARD YAKO, individually and as ) | Judgment , Docket 8, |
| Father and Next Friend of CHARLES ) | O.A. 9/12/2001] |
| SAM GUINN, ) | |
| ) | |
| Defendants. ) | |

### I.  NATURE OF ORDER

At docket 8, plaintiff Allstate Insurance Company ("Allstate") moves for summary judgment.  Defendant Christopher Charles opposes the motion and timely requested oral argument.  Oral argument will be held in Anchorage, Alaska, on September 12, 2001.  The purpose of this preliminary order is to set forth the court's tentative views concerning the motion at docket 8 in the expectation that these views will assist the parties prepare for and conduct oral argument. This preliminary order does not represent the court's final order.  The court may or may not adopt the views expressed in this preliminary order depending upon oral argument.  This preliminary order does not authorize any additional filing with respect to the motion at docket 8.

RECEIVED

Bliss, Wilkens & Clayton

AUG 6 2001

File # 551-343 Atty TKK
cc _____
Calendar _____ File _____

EXHIBIT _____ N _____
PG _____ 1 _____ OF _____ 6 _____

18

## II.  BACKGROUND

This is a diversity action seeking a declaration of rights under a homeowner's insurance policy.[1]  Charles was convicted upon a no contest plea to felony assault for stabbing Edward Yako.[2]  Charles was a named insured under his mother's homeowner's insurance policy.  The policy only covers accidents and expressly excludes coverage for injury resulting from criminal acts committed by a named insured.[3]  Yako filed suit in state court against Charles' mother.[4]  Charles' mother filed a third party complaint against Charles.[5]  Allstate agreed to defend Charles under a reservation of rights.  Allstate then filed this suit seeking declaratory judgment that it has no duty to defend or indemnify Charles in the state court lawsuit.   Other facts and the court's analysis are discussed below.

## III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[6]  The moving party need

_____

[1] *See* 28 U.S.C. § 1332.  A digression is necessary.  The state court complaint giving rise to this case only alleges damages exceeding $50,000.  *See* Exhibit F, ¶ 15 at p. 3, ¶ 18 at p. 3, ¶ 22 at p. 4, ¶ 24 at p. 4 (submitted at docket 8).  However, given the severe nature of the assault described in Allstate's motion papers at docket 8, and considering the availability of recovering attorney's fees under Alaska Rule of Civil Procedure 82, the court is satisfied that damages in the underlying case exceed $75,000.  The court therefore finds it may exercise its diversity jurisdiction.

[2] *See* Exhibit E filed at docket 8.

[3] *See* Policy, filed at docket 8 as Exhibit A at p. 15 ("occurrence" defined as an "accident"), at p. 36 (excluding coverage for criminal acts committed by any insured person).

[4] *See* Exhibit F filed at docket 8.

[5] *See* Exhibit G filed at docket 8.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

EXHIBIT_____N_____
PG_____2____OF____6_____

not present evidence; it need only point out the lack of any genuine dispute as to material fact.[7]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[8] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[9] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[10]

## IV.  DISCUSSION

Federal courts in diversity apply collateral estoppel principles of the forum state.[11]  Moreover, under the Full Faith and Credit Clause and the Full Faith and Credit statute, 28 U.S.C. § 1738, federal courts must accord a state court judgment the same preclusive effect that the judgment would have in state court.[12]  Under Alaska law, a no contest or nolo contendere plea in a felony case operates to collaterally estop persons from re-litigating facts constituting the offense.[13]

---

[7]*Id.* at 323-325.

[8]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986).

[9]*Id.* at 255.

[10]*Id.* at 248-9.

[11]*See Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994).

[12]*See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001); *see also* 28 U.S.C. § 1738; *Martinez v. Universal Underwriters Ins. Co.*, 819 F. Supp. 921, 922 (W.D. Wash. 1992), *aff'd,* 15 F.3d 1087 (9th Cir. 1993) (table).

[13]*See Howarth v. State*, 925 P.2d 1330, 1333-34 (Alaska 1996) (nolo contendere plea to second degree sexual assault precludes plaintiff from denying conduct that constituted the offense under the doctrine of collateral estoppel); *Burcina v. City of Ketchikan*, 902 P.2d 817, 822 (Alaska 1995) (person convicted of arson collaterally estopped from re-litigating any elements of criminal charge in civil suit alleging malpractice against mental health facility); *Sun v. State*, 830 P.2d 772, 777 (Alaska 1992) (plaintiff who entered nolo contedere plea to

3

EXHIBIT  *N*

PG. 3 OF 6

Charles acknowledges that, stated as a general rule under Alaska law, collateral estoppel may preclude a person from relitigating facts related to a criminal offense in which a no contest plea has been entered. However, he argues that collateral estoppel should not apply in this case for two reasons. First, Charles contends that federal law should govern the court's analysis. However, he fails to adequately explain why or how a different result would be reached under federal law as opposed to state law. More significantly, as previously noted, this court, presiding in diversity, must apply Alaska law to determine whether collateral estoppel exists, and the court must accord state court judgments Full Faith and Credit. Charles fails to explain why these principles should not govern the court's analysis. His first argument therefore fails.

Charles next asserts that collateral estoppel should not apply where, as here, he is not a plaintiff but instead a defendant. Charles misapprehends relevant principles. Collateral estoppel may be used offensively or defensively.[14] Plaintiffs may apply *offensive* collateral estoppel to preclude defendants from relitigating an issue previously litigated against the same or a different party.[15] Defendants may apply *defensive* collateral estoppel to preclude plaintiffs from relitigating an issue previously litigated against the same or a different party.[16] If collateral estoppel is applied against a different party, it is "non-mutual." Under Alaska law, non-mutual offensive collateral estoppel may be asserted against a party when the identical issue being litigated was previously decided by a final judgment on the merits.[17] That is the situation presented by this case.

---

assaulting state trooper is collaterally estopped from denying that he pointed a rifle at the trooper in subsequent personal injury lawsuit).

[14] *See State v. United Cook Inlet Drift Association,* 895 P.2d 947, 950 n.7 (Alaska 1995) (for discussion).

[15] *See id.* at 950 n.7.

[16] *See id.*

[17] *See Briggs v. Newton,* 984 P.2d 1113, 1120 (Alaska 1999).

4

EXHIBIT N
PG 4 OF 6

Moreover, as Allstate points out, Alaska courts have applied collateral estoppel to prevent defendants in civil cases from relitigating facts encompassed within criminal acts to which the defendants had entered no contest pleas.[18]  The poverty of Charles' argument is further demonstrated by his concession that "plaintiff [Allstate] is entitled to prove, at trial, if it can, that defendant committed a crime that would preclude coverage."[19]  In short, Charles' argument that collateral estoppel should not apply because of his status as a defendant is incorrect.

## V.  CONCLUSION

For the foregoing reasons, it seems probable to the court that Allstate's motion for summary judgment at docket 8 should be granted.  However, this preliminary order does not represent the court's final order.  The court may or may not adopt the views expressed in this preliminary order depending upon oral argument.  This preliminary order does not authorize any additional filing with respect to the motion at docket 8.

DATED at Anchorage, Alaska, this 2nd day of August 2001.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[18]*See Lashbrook v. Lashbrook,* 957 P.2d 326, 330 n.2 (Alaska 1998) (defendant ex-husband in child custody proceeding collaterally estopped from relitigating facts constituting assault offense to which he pled no contest).

[19]*See* Charles' Opposition, docket 11 at p. 8.

A01-0059--CV (JWS)                                                  5
-------------------------------------------------------
J. HEDLAND (HEDLAND)
J. SUDDOCK
J. KIZER (BLISS)

EXHIBIT_____N_____
PG_____5_____OF_____6_____



FILED

SEP 1 7 2001

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ /s/ _____ Deputy

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE CO.,
     Plaintiff,

                            Case Number A01-0059 CV (JWS)

v.

CHRISTOPHER CHARLES, et al.,
     Defendants.         **JUDGMENT IN A CIVIL CASE**

_____ **JURY VERDICT.**  This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.


__X__ **DECISION BY COURT.**  This action came to trial or hearing before the court.  The issues have been tried or heard and a decision has been rendered.

     IT IS ORDERED AND ADJUDGED:
     THAT the plaintiff Allstate Insurance Company has no obligation, under the homeowners policy issued to Susan Charles, to defend Christopher Charles in the Yako action or indemnify him for any judgment that may be entered against him.

APPROVED:

_____
John W. Sedwick
United States District Judge

_September 15, 2001_         _____
Date                         Michael D. Hall
                                Clerk

A01-0059--CV (JWS)
----------------------------------------------------
J. HEDLAND (HEDLAND)
J. SUDDOCK               _____
J. KIZER (BLISS)
                         (By) Deputy Clerk
O & J 11215

EXHIBIT_____N_____
PG_____6_____OF_____6_____

21