RECEIVED
Bliss, Wilkens & Clayton
DEC 2 6 2001
File.# 881-383, Atty KJC
cc L. Bama 12/26
Calendar_____ File_____

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*Allstate Insur. Co. v. Leonty, et al*
Case No. A01-0251 CV (JKS)

FILED
DEC 2 1 2001
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

By:             THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:   Patty Demeter, Case Management: 677-6124*

PROCEEDINGS:    ORDER FROM CHAMBERS

    Plaintiff Allstate Insurance Company ("Allstate") seeks a declaratory judgment that it is not obligated to defend or indemnify Charles Deane Wiseman in a tort action brought against him in state court by Leonty Fratis. *See* Docket No. 13 (Mot.). Allstate seeks relief under two policies it issued to Wiseman's parents. Wiseman would be an omnibus insured under those policies since he resides in his parent's home. Allstate's theory of non-coverage is that Fratis' claims against Wiseman arise out of an incident in which Wiseman participated in shooting paint balls at him under circumstances in which Fratis suffered physical and emotional injury. Wiseman pleaded *nolo contendere* to, *inter alia*, a fourth degree assault on Fratis arising out of the same transaction. In Allstate's view Wiseman's criminal conviction arising out of the same transaction collaterally estopps him from claiming coverage under either policy. Wiseman and Fratis ask for additional time to investigate the facts before being required to answer the motion for summary judgment. *See* Docket Nos. 15; 16; 20. Allstate asks that a copy of the videotape of the alleged assaults be received in evidence. *See* Docket Nos. 14 (Mot.); 18 (Opp'n); 22 (Reply). These motions will be addressed in turn.

    Because this is a diversity case, Alaska substantive law controls. Procedural rules including evidence rules, however, will be determined under federal law. Federal law prohibits use of a *nolo contendere* plea in evidence. Alaska law treats a conviction based upon a *nolo* plea as conclusively establishing the fact of the conviction which collaterally estopps the person convicted from challenging those facts in a subsequent civil proceeding. Are these two policies in conflict? Not necessarily. The criminal judgment against Wiseman conclusively establishes the facts set out in the information to which he plead, including both the requisite *mens rea* and *actus reas*. The federal rule does not prohibit the admissibility of the judgment of conviction and judicially noticeable facts upon which the judgment is based. It does preclude use of the plea and statements made in connection with the plea separate and apart from the judgment.

    Under Alaska law the proper construction and interpretation of an insurance policy are questions of law for the court. While the policy is construed against the insurer, and the test is what a reasonable layperson unskilled in insurance law would understand the provisions to mean, this is not an invitation to parties to call psychologists and communication specialists to decipher policies. The test is a legal test to be applied by judges, not a factual test to be applied by fact finders. No expert testimony would be admissible. Judges and lawyers are the appropriate experts.

    Thus, to the extent that Allstate relies upon the doctrine of collateral estoppel to establish facts that take Wiseman out from under the coverage of the policy, no further discovery is necessary. The judgment will be compared with the policy and a decision made. If, on the other hand, the judgment is not conclusive, then an additional factual investigation should be

F:\HOME\JUDGES\DOCS\SHARED\CV\A01-0251.001.wpd

EXHIBIT ___6___
PG ___1___ OF ___2___

undertaken. The Court will thus deny the Federal Rule of Civil Procedure 56(f) motions without prejudice to their renewal if the motion at Docket No. 13—treated as simply raising the collateral estoppel issue—is denied and Allstate files a new motion based upon facts outside of the judgement and judicially noticeable facts explaining it. In other words, to avoid confusion the Court will deny the motion at Docket No. 13 except to the extent that it relies upon collateral estoppel and the facts necessary to apply the collateral estoppel doctrine, and only if that motion is denied and additional issues presented will it allow discovery. Specifically, the Court will need to carefully consider the law of Alaska governing the scope of collateral estoppel and then determine what facts Wiseman is collaterally estopped to deny and whether "reckless conduct," the mental state for fourth degree assault precludes as a matter of law a finding that a reckless assault constitutes an accident or occurence as the policy defines those terms, and whether the disjunctive phrase " intentional or criminal conduct" includes all crimes including those where the *mens rea* is negligence or recklessness or only those crimes whose *mens rea* requires intentional conduct and intentionally bringing about a result.

It appears that the videotape has been sufficiently authenticated to establish that it is what Allstate contends that it is. It is less clear that the videotape has any bearing on the initial issue to be decided: Is Wiseman, and by extension anyone claiming through him, collaterally estopped from denying facts which conclusively establish the absence of coverage under either of the policies at issue in this case?

In summary, to save cost and time the Court should first determine whether collateral estoppel resolves this case. If it does not, the parties will be allowed a reasonable time for discovery to determine whether the undisputed facts of the case preclude coverage as a matter of law.

**IT IS THEREFORE ORDERED:**

The motion to allow the submission of a videotape at **Docket No. 14 is GRANTED**. The motion for summary judgment at **Docket No. 13 is DENIED in part without prejudice** to permit the parties to litigate the collateral estoppel effect of Wiseman's conviction but reserve other issues, if necessary, until the completion of discovery. The motions at **Docket Nos. 15, 16 and 20**, for additional time to conduct discovery are **DENIED without prejudice** to their renewal if the Court denies the remaining aspect of the motion for summary judgment at Docket No. 13 and Allstate files a new motion seeking to address the other issues presented in that motion but denied in this order. Any **opposition** to the remaining parts of the motion at **Docket No. 13** must be filed on or before **Wednesday, January 9, 2002**, otherwise it will not be considered.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge.

DATE: <u>December 21, 2001</u>

\*     ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.
Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made in the form of a motion. See FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(l). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

A01-0251--CV (JKS)

--------------------------------------------------     2

R. BROWN (DILLON)          A. CLAYTON JR (BLISS)
S. PORTER
H. LAZAR (DELANEY)



EXHIBIT ___O___
PG ___2___ OF ___2___