

AS 47.12.300(e) with certain parties' "legitimate interest" in viewing the records. *See* AS 47.12.300(e). Alaska mentions only foster parents and victims of the juvenile's conduct who are seeking a civil remedy as having a legitimate interest in official juvenile court documents. AS 47.12.300(e). Alaska has not specified whether an insurance company pursuing a reservation of rights against a party has a legitimate interest in that party's juvenile records.

As Allstate has noted, courts that have addressed the issue in both Alabama and Connecticut have determined that in certain situations, insurance companies may have a legitimate interest in juvenile court records. *See In Re Jessica*, 1999 WL 775753 (Conn. Super. Ct. App. Apr. 30, 1999); *Ex Parte State Farm Fire & Cas. Co.*, 529 So. 2d 975 (Ala. 1988). However, both of these states' statutes provide a more encompassing list of legitimate interests than the Alaska statute, providing catch all phrases such as: and any other person with a legitimate interest. *See id.* It can thus be inferred that Alaska's statute is not to be read as broadly as these others. While foster parents and victim's of the juveniles conduct may not be an exhaustive list of people with a legitimate interest in the juvenile's records, it appears that Alaska has struck the balance between confidentiality and the need for the information more tightly than Alabama and Connecticut.

Allstate, however, is not seeking official court records, it merely seeks interrogatories and documents in the possession of Francis relating to the juvenile proceeding. *See* Docket No. 34 at 8. Confidentiality for juvenile records is only for the "court's official records." *See* AS 47.12.300(e). Therefore, any information relating to Francis' juvenile proceeding other than official court records which are in the possession of Francis or his attorney, and that are not protected by the attorney client privilege, must be provided to Allstate. This does not necessarily mean that this information is admissible in this action. To be discoverable, a document need only be "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

### 2.     Agency Records

Allstate is also seeking an order compelling the release of Francis' juvenile records from the Division of Juvenile Justice. *See* Docket No. 53. The Department has denied this request citing AS 47.12.310 and requiring Allstate to have a court order before the agency will release its records. *See id.* at 3. AS 47.12.310 provides that all agency records are privileged and may not be released

ORDER

 

without a court order. *See* AS 47.12.310(a). There are exceptions to the requirement of a court order, including information requested by law enforcement agencies, foster parents, and victims of the juvenile's conduct, among others. *See* AS 47.12.310(b)–(g). Subsection (f) includes an exception for persons demonstrating a legitimate interest in the records of juveniles no longer within the jurisdiction of the court (*i.e.*, over 19 years of age, *see* AS 47.12.020; AS 47.12.160). *See* AS 47.12.310(f). By contrast, neither the statutes nor the regulations provide any guidance for when a court may order the release of information from a juvenile file still within the jurisdiction of Chapter 12 of Title 47, or what qualifies as a legitimate interest. *See* AS 47.12.310(b)–(g); 7 Alaska Admin. Code Health & Soc. Servs. 54.300–54.450 (2000). It stands to reason, despite Allstate's assertions to the contrary, that the release of records of a juvenile still within the jurisdiction of the juvenile justice system, as Francis is, would be either equal to, or more stringent (but not more permissive) than for juvenile records of those who are no longer under its jurisdiction.

Allstate cites *Sledge v. State*, 763 P.2d 1364 (Alaska Ct. App. 1988) for support of its argument that it has a legitimate interest in Francis' juvenile records. *See* Docket No. 65 at 4. In that case, the Alaska Court of Appeals states in a footnote that a criminal defendant who seeks to use information from confidential family services files to impeach the juvenile as a witness in the defendant's criminal case has a legitimate interest in that information warranting disclosure to the defendant. *Sledge*, 763 P.2d at 1369 n.2. The present case is distinguishable. This is not a criminal case where the prosecution has a duty to disclose otherwise privileged information under the control of the state. *See id.* at 1368–69. This is also not a case where Alaska Rule of Evidence 609(e) applies to allow evidence of a prior juvenile conviction because the incident is not one of dishonesty or false statement. *See* Alaska R. Evid. 609(e). Thus, because it does not appear that the insurance company of a juvenile offender is among those Alaska considers to have a legitimate interest in agency records, the Court shall deny Allstate's motion requesting an order to release the agency records.

### D. Discovery of Allstate Documents by Fratis

Fratis seeks an order compelling discovery from Allstate on seven production requests that Allstate either denied or delayed in answering. *See* Docket No. 42.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\A01-0251.003.wpd                  13                EXHIBIT ___P___
                                                                                  PG ___13___ OF ___16___

1. **Claims Adjuster's File**

The first production request was for the entire contents of the claims adjuster's file relating to the paintball shooting. *See id.* at 5–6. Allstate has denied the request asserting both attorney client privilege and the work product doctrine. *See* Docket No. 51 at 3–5. Allstate has refused to compile a document-by-document privilege log asserting that to do so would be overly burdensome because the file is so voluminous. *See id.* Allstate concedes in its opposition that the burden is on the party asserting the privilege to provide enough information to "enable other parties to assess the applicability of the privilege or protection." *See id.* at 4 (citing Fed. R. Civ. P. 26(b)(5)). Allstate also concedes that where a document-by-document log is overly burdensome it may be appropriate to provide a privilege log that describes the documents by category. *See id.* (citing the advisory committee's note to Fed. R. Civ. P. 26(b)(5)). The Court agrees, and thus shall require Allstate to compile a privilege log by category for the documents contained in the claims adjuster's file.

2. **Pleadings From Other Similar Cases**

The second through fifth requests for production by Fratis seek documents relating to similar cases that Allstate has tried both in Alaska and outside the state. *See* Docket No. 42 at 1–4. Fratis urges that this information is relevant to discern why he has been added as a party to this action. *See id.* Evidence is discoverable where it is relevant and it is likely to lead to evidence admissible at trial. *See* Fed. R. Civ. P. 26(b)(1). These requests for pleadings in similar cases are not so much searching for discoverable evidence, but instead seeking relevant law. Fratis is a party to this declaratory action because Allstate's duty to indemnify Fratis is at issue in this case. *See* Docket No. 1. The request for similar cases is not relevant to this issue, and not likely to lead to relevant evidence that is admissible at trial. The Court shall therefore deny this request.

3. **Wisemans' Insurance Applications and Prior Claims Adjustments**

Subsequent to the filing of this motion, Allstate has complied with the sixth and seventh requests for production. *See* Docket Nos. 51 at 7; 54 at 3. Fratis asserts that he made a good faith effort to obtain the information prior to filing the motion to compel and thus should be awarded attorney fees and costs for his motion to compel, including its time spent on the sixth and seventh requests for production. *See* Docket No. 54 at 8–9. On January 23, 2002, Allstate responded to the

ORDER




sixth and seventh request for production stating it would comply with the request, but it would take some time to compile the documents. *See* Docket No. 42 at 2. On February 11, 2002, Fratis mailed a letter to Allstate again requesting the documents. *See* Docket No. 42, Ex. 1. Seventeen days later Fratis filed this motion to compel including the sixth and seventh request for production. *See* Docket No. 42. The Court finds that Fratis was not acting in good faith in seeking an order to compel on the sixth and seventh requests for production before Allstate had an opportunity to respond. The Court will grant attorney fees and costs to Fratis for the portion of the motion to compel relating to the request for the privilege log. *See* Fed. R. Civ. P. 37(a)(4)(C). The parties are to bear there own costs and fees on the portions of the motion to compel encompassing requests for production numbers two through seven.

**IT IS THEREFORE ORDERED:**

Allstate's renewed motion for summary judgment at **Docket No. 39** is **GRANTED**. Charles is estopped from arguing that his participation in the paintball incident is an accident within the meaning of the homeowner and automotive insurance policies.

Allstate's motion at **Docket No. 34** to discover information regarding Francis' juvenile proceeding that is within Francis' control is **GRANTED IN PART AND DENIED IN PART**. Francis must allow discovery of any un-official information regarding the juvenile proceeding not protected by the attorney client privilege or work product doctrine. If Francis asserts either privilege, he must produce a privilege log for Allstate. Allstate's motion at **Docket No. 53** is **DENIED**. The Court will not order the Division of Juvenile Justice to release its records to Allstate regarding Francis' juvenile proceeding.

Fratis' motion to compel discovery at **Docket No. 42** is **GRANTED IN PART AND DENIED IN PART**. Allstate is to provide Fratis with a privilege log, listing documents by category contained in the claims adjuster's file compiled during its investigation of the paintball shooting. Allstate does not have to provide Fratis with pleadings from other similar cases. Allstate is only required to pay attorney fees and costs for the portion of the motion to compel regarding the privilege log.

ORDER




The motion at **Docket No. 55** seeking permission to submit supplemental authority on the issue of whether a paintball gun inflicts injury is **DENIED** as moot on the issue of policy coverage for Charles. The status conference is requested in the motion at **Docket No. 62** is **GRANTED**. A status conference will be held on **Wednesday, May 29, 2002, at 2:30 p.m.** The motion for a stay of this action will be addressed when it becomes ripe.

Dated at Anchorage, Alaska, this 23 day of May 2002

_____
JAMES K. SINGLETON, JR.
United States District Judge

```
A01-0251--CV (JKS)
------------------------------------------------------
R. BROWN (DILLON)
S. PORTIER
H. LAZAR (DELANEY)
A. CLAYTON JR (BLISS)
```

T/c notified cnsl 5/24/02. lg

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\A01-0251.003.wpd          16          EXHIBIT P  PG 16 OF 16