FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NOV   1 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ RC _____ Deputy

JUANITA COFFEY,

　　　　　　Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

　　　　　　Defendant.

Case No. A00-0061 CV (JKS)

RECEIVED

Bliss, Wilkens & Clayton

**O R D E R**

NOV 2 - 2000

File No. 804-334 Atty JRR

Approved to File _____

**INTRODUCTION**

Plaintiff Juanita Coffey, as assignee of Dawn Kritikos, sues Defendant Allstate Insurance Company ("Allstate"), alleging that Kritikos was an omnibus insured under an automobile liability insurance policy which Allstate issued to Robert Eisenberg. Coffey further alleges that Allstate wrongfully refused to defend and indemnify Kritikos in an action for personal injuries which Coffey brought against Eisenberg and Kritikos. Coffey argues that by wrongfully failing to defend Kritikos, Allstate became liable for a default judgment rendered against Kritikos. Both sides have now moved for summary judgment. After carefully reviewing the record, this Court concludes that Kritikos was not an omnibus insured under the Allstate policy issued to Eisenberg. It will therefore grant Allstate's motion for summary judgment and deny Coffey's motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1992, Coffey was struck by a vehicle driven by Kritikos, and owned by Eisenberg. Eisenberg held a policy issued by Defendant Allstate. *See* Docket No. 10, Exh. J (Policy). Under the heading "Persons Insured," Eisenberg's policy extended coverage to the policy holder, a resident of the policy holder's household, and "any other person using [the insured vehicle] with *your* permission." *See id.*, Exh. J at 7. It is not contended that Kritikos was a policy holder or a resident of Eisenberg's household. Coffey's claim thus turns on whether Kritikos was a "person using [the insured vehicle] with [Eisenberg's] permission."

EXHIBIT _____ Q _____
PG _____ 1 _____ OF _____ 10 _____

1

It is undisputed that on May 9, 1992, while preparing to leave the Homer Spit on a commercial fishing trip, Eisenberg, facing an earlier departure time than anticipated, gave the keys to his vehicle to Kritikos, the vessel captain's girlfriend. *See* Docket No. 10, Exh. A at 7 (Eisenberg Dep.). It is also undisputed that in giving the keys to Kritikos, Eisenberg directed that she drive the vehicle to the captain's home that day, park it, and leave the keys there, which Kritikos agreed to do. *See id.*, Exh. F at 3-4 (Tr. First Interview Homer Police Dep't.). The accident from which this case arises occurred on May 15, 1992. *See id.*, Exh. G at 1. As a result of the injuries suffered by Coffey, Kritikos, who was intoxicated at the time of the accident, entered a plea of nolo contendere and was convicted of four criminal offenses, including criminal mischief in the third degree for having taken Eisenberg's vehicle without his permission. *See id.*, Exh. H at 1. Kritikos has never disputed that she was driving the vehicle on the evening of the incident without Eisenberg's permission.

In considering coverage for Kritikos, Allstate conducted an investigation of the accident, including interviewing Eisenberg, and obtaining police reports which contained the statements of both Eisenberg and Kritikos. *See id.*, Exhs. E (Petersen Aff.); F (Tr. First Interview by Homer Police Dep't). By letter dated June 19, 1992, Allstate advised Kritikos that it was

> reserving our right to later disclaim any obligation under the policy and to set up the defense of non-coverage under this policy because:
> Reference page 5 of the auto policy <u>Persons Insured</u>
> (1)    While using your insured auto:
>        (c) any other person using it with your permission.
> and we will avail ourselves of any other policy defenses which may arise.

*See id.*, Exh. K at 1. On September 17, 1992, following further discussion with Kritikos, Allstate issued a letter denying coverage for a potential claim against Kritikos. *See id.*, Exh. L (denying claim on basis of non-permissive use).

In 1993, Coffey sued Kritikos, Eisenberg and others in state superior court to recover for the injuries sustained. *See id.*, Exh. I. Allstate defended Eisenberg, and prevailed on a motion for summary judgment brought by Coffey on the issue of negligent entrustment. *See id.*, Exh. O. The court found that no issues of material fact existed as to whether Eisenberg permitted Kritikos to drive his vehicle on the night of the accident, and that Allstate was therefore entitled to judgment on this issue as a matter of law. *See id.*, Exh. O at 1. Consequently, Allstate renewed its denial of a

ORDER

EXHIBIT____Q____
PG___2___ OF __10__

defense and indemnification of Kritikos, as it contended that Eisenberg's policy did not extend coverage to non-permissive users of the vehicle. A default judgment was subsequently entered against Kritikos, *see id.*, Exhs. P, Q, and, in 1999, Coffey obtained an assignment of any potential claim Kritikos might have against Allstate. *See id.*, Exh. R. Coffey brought the present action under that assignment, alleging that Allstate breached its contract by failing to defend and indemnify Kritikos. *See* Docket No. 1.

Allstate brought a motion for summary judgment in this Court, contending that it was not required to defend or indemnify Kritikos because she was not an "insured person" under the terms of Eisenberg's policy. *See* Docket Nos. 10 (Mot.); 13 (Opp'n); 16 (Reply). Coffey then filed a cross-motion for summary judgment, alleging failure to provide a required defense, *see* Docket Nos. 13 (Mot.); 16 (Opp'n), and requested oral argument on the motions, *see* Docket No. 20. After a review of the record, it appears that the parties have sufficiently briefed the issues to the extent that oral argument will not be helpful. *See* D. Ak. LR 7.1(i); *see United States v. Cheely*, 814 F. Supp. 1430, 1436 n.4 (D. Alaska 1992), *aff'd*, 36 F.3d 1439 (9th Cir. 1994).

## DISCUSSION

### A.    Jurisdiction

This is an action for the breach of an insurance contract and for related torts. It is not an action for a declaratory judgment. This Court has jurisdiction over this matter by virtue of the complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

### B.    Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). Courts will construe all evidence and draw all evidentiary inferences in favor of the non-moving party. *See* 10A Charles Alan Wright *et*

ORDER

EXHIBIT_____Q_____
PG____3____OF__10__

al., *Federal Practice & Procedure* § 2727, 459 & nn.4, 5 (3d ed. 1998) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)). A dispute over a material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), but mere allegations of factual dispute, without more, will not defeat an otherwise proper motion, *see Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir. 1996); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

## C.    Coffey's Claims

Coffey argues that her complaint for personal injuries named both Eisenberg and Kritikos as defendants, and charged that Eisenberg negligently entrusted the vehicle that struck Coffey to Kritikos. Coffey contends that by alleging negligent entrustment, her pleadings implicitly alleged that Kritikos was driving the vehicle with Eisenberg's permission. *See* Docket No. 13 at 6-7.

Coffey recognizes that Allstate disputes the fact that Kritikos was a permissive user of Eisenberg's vehicle, and that Allstate provided Eisenberg a defense, and successfully litigated the issue of negligent entrustment on Eisenberg's behalf resulting in a ruling by the superior court that Kritikos was not driving the vehicle with Eisenberg's permission. Coffey argues that by failing to defend Kritikos in light of pleadings which would make her an omnibus insured, Allstate forfeited the right to litigate in this action Kritikos' permission to use the vehicle and thus to avail itself of the benefit of the summary judgment entered against Coffey in superior court. *See id.* at 9-10. While Coffey does not directly address the superior court's judgment finding Kritikos guilty of "joy riding" in her criminal case, it appears that Coffey would argue that Allstate also forfeited the right to rely upon this judgment as well. *See C.P. ex rel M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1229-30 (Alaska 2000); *Sauer v. Home Indem. Ins. Co.*, 841 P.2d 176, 180-82 (Alaska 1992).

ORDER

EXHIBIT _____ Q
PG _____ 4 ____ OF __ 10 __

Coffey's arguments come close to the issues reserved by the Alaska Supreme Court in *C.P.* In that case, the court initially agreed to decide whether a declaratory judgment of no coverage terminated a duty to defend in a parallel tort action. The court concluded that this issue was rendered moot by its conclusion that the claim at issue was within the coverage of the relevant insurance policy. *See id.* at 1229. In reaching this conclusion, the court noted that an intermediate appellate court in California had held that an insurer who had wrongfully refused to defend must pay the full amount of a default judgment, even if the claim was determined in a parallel declaratory judgment action not to be covered by the policy. *See id.* at 1229 n. 81 (citing *Amato v. Mercury Cas. Co.*, 53 Cal. App. 4th 825 (Ct. App. 1997)). *See also Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 901 (9th Cir. 2000).

Coffey's argument has a surface appeal. Allstate defended Eisenberg but did not defend Kritikos. Kritikos suffered a default judgment and assigned her rights against Allstate to Coffey. If Kritikos was insured under the policy, and the complaint against her alleged a claim within the coverage of the policy, a determination that as a matter of fact she was not covered would not protect Allstate from liability for failing to defend. This would be so because if Kritikos purchased the policy and paid the premiums, she would have an existing contractual relationship with Allstate independent of any specific accident. Under such a contract, Kritikos would have a number of rights, including the right to a defense and to indemnity for covered accidents. The problem here is that Kritikos was a stranger to the policy and only became an omnibus insured if she was driving the vehicle with Eisenberg's permission. Kritikos is liable for her negligent acts regardless of Eisenberg's actions. Only Eisenberg's liability depended upon a finding that he had entrusted the vehicle to Kritikos; Allstate did defend Eisenberg and defeated that claim. Therefore, Coffey's claim against Kritikos did not contain elements that brought Kritikos within coverage. *See Pershing*, 219 F.3d at 901 n.4. Consequently, Kritikos and Coffey were never adversaries in the tort action with regard to Eisenberg having given Kritikos permission to drive the vehicle. We must therefore address the issue of permissive use in this case.

Coffey relies on *Johnson v. United States Fidelity & Guar. Co.*, 601 P.2d 260 (Alaska 1979). *See* Docket No. 13 at 4. In that case, the court held that omnibus clauses in insurance policies

ORDER

EXHIBIT _____Q_____

PG_____S_____ OF __10__

should be given a liberal reading to protect persons injured in motor vehicle accidents. The court concluded that a person was an omnibus insured if he or she had either express or implied permission to drive the vehicle. The court construed implied permission broadly to apply to a person who was given any permission to drive the vehicle, unless the driver was "expressly forbidden" to drive the vehicle by the person in charge at the time of the accident. *See Johnson*, 601 P.2d at 264. It appears that the majority disagreed with the concurring opinion of Justice Matthews that would have found a disputed issue of fact regarding permissive use where the youthful driver had doubts about his right to drive the vehicle at the time in question, and concluded that prior permission extended to the time of the accident unless expressly revoked. Justice Matthews concurred in the judgment because he wished to adopt the initial permission rule, which holds that where a person is given initial permission to use a vehicle, any subsequent use, "barring theft or the like," is a permissive use within the terms of the standard omnibus clause, even though the permittee may have ignored the lender's admonitions as to the vehicle's use. *See id.* at 265 (internal quotations omitted).

Coffey cites extensive caselaw supporting coverage where (a) an insured has permitted another to drive with no limitations on that permission, *see* Docket No. 13 at 4 (citing *Johnson v. United States Fidelity & Guar. Co.*, 601 P.2d 260 (Alaska 1979)); (b) an insured has allowed another to drive the covered vehicle in circumstances which implicate a factual ambiguity in the language of the policy, *see id.* at 5 (citing *Fejes v. Alaska Ins. Co., Inc.*, 984 P.2d 519, 522 (Alaska 1999)); and, most recently (c) an insurer improperly obtains evidence regarding the conduct of an insured, *see* Docket No. 19 at 2 (citing *Lloyd's & Inst. of London Underwriting Cos. v. Fulton*, 2 P.3d 1199 (Alaska 2000)). Coffey's reliance on such cases, however, is misplaced: all of the cases cited involve a person who purchased the policy, paid the premiums, and was therefore covered under the policy at issue in those cases, and thus, as Allstate correctly asserts, concern the *scope* of coverage. *See* Docket No. 16 at 13. In contrast, it appears that Kritikos was estopped by the criminal judgment from arguing that she had either express or implied permission to drive

ORDER

EXHIBIT _____Q_____
PG_____6_____ OF _____10_____

F:\HOME\JUDGES\DOCS\SHARED\CV\A00-0061.002

Eisenberg's vehicle. It also appears that Coffey was estopped by the civil judgment from arguing that Kritikos had Eisenberg's permission to drive the vehicle.[1]

### D.   Non-Mutual Collateral Estoppel

Allstate was not a party to the State's criminal case against Kritikos, which resulted in Kritikos' plea of nolo contendere to a charge of joyriding. Nor was Allstate a party to the action between Coffey and Eisenberg, which resulted in a determination that Kritikos did not have Eisenberg's permission to drive his vehicle at the time of the accident. Nevertheless, it appears that Alaska law would permit Allstate to use those judgments against Coffey both offensively and defensively. *See State v. United Cook Inlet Drift Ass'n*, 895 P.2d 947, 950 n.7 (Alaska 1995). The Court will first address the criminal judgment and then consider the civil summary judgment.

In facing the criminal charges against her, Kritikos was represented by Public Defender Phil Easton. *See* Docket No. 10, Exh. H at 5. Kritikos entered a plea of nolo contendere to a violation of former AS 11.46.484(a)(2), which charged:

> A person commits the crime of criminal mischief in the third degree if, having no right to do so or any reasonable ground to believe the person has such a right, the person drives, tows away, or takes
>
> . . . .   (2) the propelled vehicle of another and the vehicle or any other property of another is damaged, or the owner incurs reasonable expenses as a result of the loss of use of the vehicle, in a total amount of $500 or more . . . .

*See* AS 11.46.360(a)(2) (1996). At the time of her plea the offense was a misdemeanor; the crime is now a class C felony, to which the Alaska Supreme Court has held that collateral estoppel applies. *See id.; Howarth v. State*, 925 P.2d 1330, 1334 (Alaska 1996) ("[A]ny offense which is punishable by imprisonment in excess of one year and at least some offenses which are punishable by imprisonment of one year or less are serious offenses."); *Burcina v. City of Ketchikan*, 902 P.2d 817, 822 (Alaska 1995) ("We hold, based on public policy grounds, that a civil plaintiff is collaterally

---

[1] In considering collateral estoppel, it is important not to conflate the two judgments. Kritikos is bound by the judgment in her criminal case, while Coffey is bound by the judgment in her civil case. Since Coffey is suing Allstate as assignee of Kritikos, Allstate may rely on defenses it has against both Coffey and Kritikos; at least in the case of Kritikos, any defenses that existed before Allstate received notice of the assignment. In this case, the judgment of conviction in Kritikos' criminal case preceded notice of her assignment to Coffey.

ORDER

EXHIBIT _____ Q

PG _____ 7 ___ OF ___ 10

F:\HOME\JUDGES\DOCS\SHARED\CV\A00-0061.002

estopped from relitigating any element of a criminal charge to which he has pled nolo contendere.").
In each of these cases, the party asserting collateral estoppel was not a party to the action in which
the judgment being asserted was reached.

"A party may invoke [non-mutual] offensive collateral estoppel when the doctrine is asserted
against the same party as in the previous action, when the issue to be precluded is identical to that in
the first action, and when the issue was resolved by a final judgment on the merits in the first action."
*Briggs v. Newton*, 984 P.2d 1113, 1120 (Alaska 1999). *See also Disimone v. Browner*, 121 F.3d
1262, 1267 (9th Cir. 1997). Here, Kritikos was the party against whom judgment was entered in the
criminal case; the issue in both cases is whether Kritikos had a right to drive the vehicle or any
reasonable ground to believe that she had such a right; and a criminal judgment was entered against
Kritikos, in connection with which she received a composite sentence of one year to serve. Most
importantly, she received a consecutive thirty-day increment for the malicious mischief conviction.
Clearly, a person facing a one-year prison sentence has an incentive to litigate the merits of a criminal
prosecution. Use of the criminal judgment against Kritikos and the civil judgment against Coffey
does not violate the Seventh Amendment or deny either due process. *See Parklane Hosiery Co.,
Inc. v. Shore*, 439 U.S. 322, 329 (1979).

Kritikos' non-permissive use was fully explored in the earlier actions, and the judgment
against her was valid, final, decided by a court of competent jurisdiction, and necessary to the court's
judgment. It cannot be said that Kritikos lacked motive to defend the charge against her, or that she
was denied a full and fair opportunity to litigate. She was effectively represented by counsel, in a
court of competent jurisdiction, and the issue was certainly germane to the court's judgment. Thus,
by way of the assignment of rights (which includes an assignment of restrictions), Coffey is now
precluded from asserting that Kritikos did have a right or reasonable grounds to believe she had a
right to drive Eisenberg's vehicle. *See Bauer v. Blomfield Co./Holden Joint Venture*, 849 P.2d
1365, 1367 (Alaska 1993) (Matthews, J., dissenting) ("It is a well-settled principle of contract law
that an assignee steps into the shoes of an assignor as to the rights assigned."). It is therefore
unnecessary to rely on the collateral estoppel effect of the civil judgment, although Allstate is correct
that under Alaska law, a summary judgment is sufficient to trigger collateral estoppel in subsequent

ORDER

EXHIBIT_____Q_____
PG_____8___OF___10___

litigation. *See* Docket No. 16 at 5-8 (citing *Murray v. Feight*, 741 P.2d 1148, 1155 n.3 (Alaska 1987) ("It is clear that collateral estoppel effect may properly be given to a summary judgment; full trial on the merits is not required.").

Coffey also suggests that Allstate acted in bad faith in investigating the accident. *See* Docket No. 18 at 5 (citing, *inter alia*, *Hazen v. Municipality of Anchorage*, 718 P.2d 456, 463 (Alaska 1986) for the proposition that an insurer is estopped from denying coverage where the insurer deliberately destroys evidence potentially favorable to a litigant). Coffey has not supported this argument. However, it is unnecessary to examine Coffey's contention that Kritikos' statements were made to an insurance adjustor in violation of her rights, because those statements are not relied upon by this Court. Rather, as described above, the criminal judgment entered against her serves to establish that Kritikos did not have Eisenberg's permission to drive his vehicle. It is not contended that Kritikos' discussions with the insurance adjustor caused her to plead nolo contendere and suffer a criminal conviction.

The Court concludes that Allstate's action in issuing the reservation of rights letter to Kritikos and conducting a good faith investigation into the issues necessary for determination of coverage was proper under the laws of this state. Allstate cannot be asked to defend or indemnify a person who, under the plain language of the policy and the agreement of the parties, was not an insured person.

**IT IS THEREFORE ORDERED:**

Defendant's motion for summary judgment at **Docket No. 10** is **GRANTED**. Plaintiff's cross-motion for summary judgment at **Docket No. 12** is **DENIED**. Plaintiff's request for oral argument at **Docket No. 20** is **DENIED**. The matter is hereby **DISMISSED WITH PREJUDICE**.

Dated at Anchorage, Alaska, this _30_ day of October 2000.

JAMES K. SINGLETON, JR.
United States District Judge

ORDER

EXHIBIT ___Q___
PG ___9___ OF ___10___

F:\HOME\JUDGES\DOCS\SHARED\CV\A00-0061.002

9

RECEIVED

Bliss, Wilkens & Clayton

3 2000

File No. 854-334    Atty JEK

Approved to File

**FILED**

IN THE UNITED STATES DISTRICT COURT     NOV   1 2000

FOR THE DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

JUANITA COFFEY,

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

Case No. A00-0061 CV (JKS)

**JUDGMENT
IN A CIVIL CASE**

_____ **JURY VERDICT**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__ **DECISION BY COURT**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this case is hereby **DISMISSED WITH PREJUDICE**. *** Allstate may recover from plaintiff the summ of $4,914 as a partial attorney fee.

APPROVED:

_____
JAMES K. SINGLETON, JR.
United States District Judge

_____10/30/2000_____
Date

MICHAEL HALL
_____
Clerk

_____
(By) Deputy Clerk

A00-0061--CV (JKS)

-------------------------------------------------------
D. WALTHER (WALTHER)     *** redistributed w/atty fees 12/11/00
J. RIZER (BLISS)
O&J 10971

EXHIBIT_____Q_____

PG___10___ OF ___10___